NOTICE
Decision filed 02/17/15. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2015 IL App (5th) 140260

NO. 5-14-0260

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| AUTUM ADKINS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Williamson County. |
| | ) | |
| v. | ) | No. 13-SC-1083 |
| | ) | |
| ERIC EDWARDS, | ) | Honorable |
| | ) | Carolyn B. Smoot, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE SCHWARM delivered the judgment of the court, with opinion.
Justices Welch and Chapman concurred in the judgment and opinion.

**OPINION**

¶ 1    The plaintiff, Autum Adkins, filed an action in the circuit court of Williamson County against her former fiancé, Eric Edwards, pursuant to Illinois's Breach of Promise Act (the Promise Act) (740 ILCS 15/0.01 *et seq.* (West 2012)).   The circuit court dismissed the plaintiff's action, finding that it was barred by affirmative matter defeating the claim (735 ILCS 5/2-619(a)(9) (West 2012)).   For the following reasons, we reverse and remand.

¶ 2                          BACKGROUND

¶ 3    On December 27, 2013, the plaintiff filed her complaint for breach of promise to

1

marry pursuant to the Promise Act (740 ILCS 15/0.01 *et seq.* (West 2012)). In her complaint, the plaintiff alleged that on September 30, 2011, the defendant had proposed marriage to the plaintiff, he had presented her with an engagement ring, and they had promised to marry each other. The plaintiff alleged that the marriage ceremony and wedding reception were scheduled for September 28, 2013. The plaintiff alleged that, in reliance on the defendant's promise to marry her, she made numerous purchases and nonrefundable deposits in anticipation of the wedding and incurred costs of $9,806.07.

¶ 4   The plaintiff further alleged that on September 19, 2013, days before the wedding ceremony, the plaintiff learned that the defendant was having a relationship with a female coworker and that, as a result of the defendant's conduct, he breached his promise to marry her. The plaintiff attached to her complaint a "Wedding Expense Log" showing a list of wedding expenses totaling $9,806.07. This log referenced bank and credit cards used for payment of the expenses. The plaintiff thereafter sent the defendant notice of her intention to commence a breach of promise to marry action and demanded payment of the incurred expenses, which the defendant refused.

¶ 5   On March 31, 2014, the defendant filed a motion to dismiss the plaintiff's complaint pursuant to section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2012)). The defendant contended that the referenced bank and credit card payments in the plaintiff's "Wedding Expense Log" were drawn from the plaintiff's parents' bank and credit card accounts, thus making them liable for the expenses. The defendant argued that the plaintiff could not recover damages for expenses paid by her parents, and therefore, her claim against the defendant was barred.

2

¶ 6    After hearing arguments on April 28, 2014, the circuit court took the motion to dismiss under advisement and requested that the parties submit case law within seven days. On April 29, 2014, the plaintiff filed a response and attached to her response an affidavit wherein she stated that "[t]he funds used to prepare for [her] wedding were a gift for [her] benefit."

¶ 7    In a docket order entered on May 8, 2014, the circuit court granted the defendant's motion to dismiss, finding that the plaintiff's affidavit, wherein she stated that the funds used to prepare for the wedding were a gift, barred her cause of action. On June 6, 2014, the plaintiff filed her notice of appeal.

¶ 8                                    ANALYSIS

¶ 9    On appeal, the plaintiff argues that the circuit court erred in ruling that her claim for breach of promise to marry was barred. The plaintiff argues that her parents gifted her funds that she used for wedding expenses, which amounted to actual damages she now seeks to recover from the defendant. The defendant counters that, as held by the circuit court, the plaintiff's cause of action was negated by her statement that the funds used to purchase the wedding services and supplies were a gift because the statement demonstrated that the plaintiff suffered no actual damages.

¶ 10    Section 2-619(a)(9) allows dismissal if "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2012). "When ruling on a motion to dismiss under section 2-619, a court must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences from those facts in favor of the nonmoving party." *Chicago Title*

3

*Insurance Co. v. Teachers' Retirement System*, 2014 IL App (1st) 131452, ¶ 13. "As a result, a motion to dismiss should not be granted unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery." *Id.* "Section 2-619 motions present issues of law which we review *de novo*." *Id.*

¶ 11    At common law, a party could recover damages arising from a broken promise to marry. *Wildey v. Springs*, 47 F.3d 1475, 1479 (7th Cir. 1995). The common law action originated from the seventeenth century English conception of marriage as chiefly a property transaction completed after complex family negotiations. *Id.* "[T]he actions had fallen into disrepute by the early twentieth century" due to changing cultural mores, unfounded uses of the suit, and excessive damage awards. *Id.*

¶ 12    In 1935, the Illinois legislature passed legislation making it unlawful to file an action based on the breach of a promise to marry. *Id.* at 1480. However, after the Illinois Supreme Court held the statute unconstitutional (*Heck v. Schupp*, 394 Ill. 296 (1946)), the Illinois legislature enacted the Promise Act in 1947. *Wildey*, 47 F.3d at 1480. This legislation "uses an elaborate notice provision and limits the types of damages that a plaintiff may recover." *Id.*; 740 ILCS 15/2, 3, 4, 5 (West 2012). "This constricted version of the original breach of promise action passed muster under the Illinois Constitution, [*Smith v. Hill*, 12 Ill. 2d 588 (1958)], and has survived until the present." *Wildey*, 47 F.3d at 1480.

¶ 13    Pursuant to the Promise Act, damages are "limited to the actual damages sustained as a result of the injury complained of." 740 ILCS 15/2 (West 2012). " 'Actual damages [is] an amount awarded to a complainant to compensate for a proven injury or loss;

4

damages that repay actual losses.' Black's Law Dictionary 394 (7th ed. 1999)." *Wildey v. Paulsen*, 385 Ill. App. 3d 305, 314 (2008). "No punitive, exemplary, vindictive[,] or aggravated damages shall be allowed" in a breach of promise action under the Promise Act. 740 ILCS 15/3 (West 2012); see also *Wildey*, 385 Ill. App. 3d at 314 ("Damages for pain and suffering are not allowed under the [Promise] Act.").

¶ 14    Accordingly, to recover under the Promise Act, the plaintiff must prove that she suffered actual loss. Accepting all well-pleaded facts in the complaint as true, which we must for purposes of a section 2-619 motion to dismiss (*Chicago Title Insurance Co.*, 2014 IL App (1st) 131452, ¶ 13), the plaintiff "made numerous purchases and non-refundable deposits in anticipation of the wedding," and "incurred costs in the amount of $9,806.07." The plaintiff's affidavit, revealing that the funds she used to pay the wedding expenses were a gift from her parents, does not negate the plaintiff's cause of action. See *Jewel v. Mueller*, 348 Ill. App. 185 (1952) (abstract of op.) (wife could maintain action against tortfeasor where husband paid for damages to wife's automobile as loan or gift); see also *Longman v. Jasiek*, 91 Ill. App. 3d 83, 90 (1980) (payments made by plaintiff's parents to cover daughter's medical expenses, whether characterized as a loan or gift, did not require reduction of the plaintiff's damages). In her action for breach of the promise to marry, the plaintiff may seek to recover those damages representing expenditures she made in anticipation of the wedding, even if those payments were monetary gifts from her parents funneled through their bank and credit card accounts. See *Vann v. Vehrs*, 260 Ill. App. 3d 648, 651 (1994) (action for breach of promise to marry seeks recovery of damages based on expenditures made in anticipation of the wedding). Accordingly, the

circuit court improperly granted the defendant's motion to dismiss on this basis.

¶ 15                                    CONCLUSION

¶ 16    For the reasons stated, we reverse the judgment of the circuit court of Williamson

County, and we remand the cause for further proceedings consistent with this opinion.


¶ 17    Reversed and remanded.

2015 IL App (5th) 140260

NO. 5-14-0260

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| AUTUM ADKINS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Williamson County. |
| | ) | |
| v. | ) | No. 13-SC-1083 |
| | ) | |
| ERIC EDWARDS, | ) | Honorable |
| | ) | Carolyn B. Smoot, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

**Opinion Filed:** February 17, 2015

_____

**Justices:** Honorable S. Gene Schwarm, J.

Honorable Thomas M. Welch, J., and
Honorable Melissa A. Chapman, J.,
Concur

_____

**Attorney for Appellant** Roman A. Basi, Attorney at Law, 4501 West DeYoung, Suite 200, Marion, IL 62959

_____

**Attorney for Appellee** Winston C. Throgmorton, Attorney at Law, 304 North Monroe, Marion, IL 62959

_____