CECIL "CHIP" HARRIS, Plaintiff-Appellant, v. REBECCA DAVIS, Defendant-Appellee.

Fifth District   No. 5—85—0358

Opinion filed January 6, 1986.

Frank B. Schweitzer, of Taylorville, for appellant.

No brief filed for appellee.

JUSTICE JONES delivered the opinion of the court:

The issue before us is whether a man who has given a woman an engagement ring is entitled to return of the ring or its value when his fiancee subsequently breaks the engagement.

When the plaintiff, Cecil "Chip" Harris, and the defendant, Rebecca Davis, were engaged to be married, the plaintiff gave the defendant a diamond ring as a symbol of that engagement. The defendant testified that some time later, she and some of her girlfriends were at a tavern when the plaintiff came into the tavern and she told the plaintiff that she did not want to see him anymore. She said that when she told him, "[h]e pulled my hair and started choking me and another man that was in the bar stepped into it." The defendant further testified that prior to this incident, she had intended to return the ring to the plaintiff, but that, following the choking incident, she threw the ring into a field next to a drainage ditch near her mother's house.

The plaintiff testified that when the defendant terminated the engagement, she also told him that she had thrown the ring away and described approximately where she had thrown it. She told him that if he wanted the ring he could go find it himself. On the following day, the plaintiff rented two metal detectors and searched the area she had described. When he was unable to locate the ring, he brought a small-claims action against the defendant for $1,390, the value of the ring.

In finding for the defendant fiancee, the judge of the circuit court of Christian County stated that the uncontradicted testimony as presented at trial was that the plaintiff's choking of the defendant triggered the disappearance of the ring so that the plaintiff should be made to share in the loss. However, as noted in the plaintiff's brief,

that testimony was not uncontradicted, since the plaintiff testified that the defendant both broke the engagement and told him where she had thrown the ring at the same time. Defendant could not have told plaintiff where she threw the ring if she had not yet thrown it there. Therefore, it cannot be positively stated that it was the plaintiff's action that triggered the ring's disappearance.

On appeal, defendant argues that under Illinois law, the party failing to comply with an engagement or a contract to be married has no right to property acquired in contemplation of the marriage. (*Urbanus v. Burns* (1939), 300 Ill. App. 207, 20 N.E.2d 869; *Rockafellow v. Newcomb* (1870), 57 Ill. 186.) Plaintiff further argues that where an engagement is terminated because of the fault of the woman, the man is ordinarily entitled to the return of gifts made in contemplation of the marriage. (20 Ill. L. & Prac. *Gifts* sec. 22 (1956).) We agree.

■ The law in Illinois appears established that a gift given in contemplation of marriage is deemed to be conditional on the subsequent marriage of the parties (*Rockafellow v. Newcomb* (1870), 57 Ill. 186), and the party who fails to perform on the condition of the gift has no right to property acquired under such pretenses.

A Pennsylvania court said: "A gift given by a man to a woman on condition that she embark on the sea of matrimony with him is no different from a gift based on the condition that the donee sail on any other sea," and "[i]f, after receiving the provisional gift, the donee refuses to leave the harbor,—if the anchor of contractual performance sticks in the sands of irresolution [*sic*] and procrastination—the gift must be restored to the donor." *Pavlicic v. Vogtsberger* (1957), 390 Pa. 502, 507, 136 A.2d 127, 130.

■ There can be no question that the ring in the instant case was given by the plaintiff to the defendant in contemplation of marriage. Neither party disputes that fact. Neither is there any question that it was the defendant fiancee who broke the engagement. There is no allegation that plaintiff's acts caused the defendant to break the engagement. The record does not reveal the cause of the break-up. At any rate, the defendant failed to perform on the condition of the gift and, therefore, had no right either to retain the ring or to dispose of it. We, therefore, reverse the judgment of the trial court and hold that the defendant is liable to the plaintiff for the $1,390 value of the engagement ring.

Reversed.

KASSERMAN, P.J., and HARRISON, J., concur.