# Illinois Official Reports

## Appellate Court

***Spencer v. Strenger Wayne*, 2017 IL App (2d) 160801**

| | |
|---|---|
| Appellate Court Caption | ARLETHIA SPENCER, Plaintiff-Appellant, v. GAIL STRENGER WAYNE, as Special Representative of the Estate of Mona Strenger, Defendant and Third-Party Plaintiff-Appellee (Lake Bluff Home Care Solutions, LLC, d/b/a Home Town Home Care, LLC, Third-Party Defendant). |
| District & No. | Second District<br>Docket No. 2-16-0801 |
| Filed | June 29, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 15-L-465; the Hon. Mitchell L. Hoffman, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Keith L. Young, of Law Offices of Keith L. Young, of Chicago, for appellant.<br><br>Jay R. Orlowski, Joseph P. Postel, and Lauren E. Rafferty, of Lindsay, Rappaport & Postel, LLC, of Chicago, for appellee. |
| Panel | JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.<br>Justices Jorgensen and Burke concurred in the judgment and opinion. |

¶ 1    Plaintiff, Arlethia Spencer, filed a complaint in the circuit court of Lake County against Mona Strenger, seeking recovery for personal injuries that plaintiff suffered when she allegedly slipped on a mat and fell while exiting a vehicle in defendant's garage. Strenger died during the pendency of the lawsuit, and the trial court appointed defendant, Gail Strenger Wayne, as her special representative. Wayne successfully moved for summary judgment, contending that plaintiff could not establish Strenger's negligence without testimony that would be inadmissible under the Dead-Man's Act (Act) (735 ILCS 5/8-201 (West 2014)) at trial. Following the denial of her motion for reconsideration, plaintiff timely appeals, arguing that the trial court misapplied the Act. We affirm.

¶ 2    I. BACKGROUND

¶ 3    According to plaintiff's complaint, on July 12, 2012, she was employed by an agency that had contracted with Strenger to provide certain caretaker services. Plaintiff was riding in the passenger seat of Strenger's vehicle as Strenger drove the vehicle into her garage. As plaintiff exited from the vehicle, she stepped on a mat that had been placed on the floor of the garage. The mat slipped, causing plaintiff to fall and sustain injuries.

¶ 4    The complaint alleged that Strenger was negligent in the following respects: by placing a mat that lacked a nonskid backing or other means to prevent sliding, by failing to warn plaintiff of the presence of the mat, by failing to provide plaintiff with a safe area to exit the vehicle, by failing to provide plaintiff with a safe pathway from her vehicle to her home, and by failing to maintain the garage floor.

¶ 5    In her answer to plaintiff's complaint, Strenger admitted the allegation that plaintiff stepped onto a mat as she exited the vehicle. However, Strenger denied that, as plaintiff did so, the mat slipped, causing plaintiff to fall.

¶ 6    Wayne filed a motion for summary judgment, arguing that the Act barred plaintiff's testimony regarding the fall because it occurred in Strenger's presence. According to Wayne, because plaintiff was barred from testifying as to the fall, there was no admissible evidence to prove her case.

¶ 7    In response, plaintiff argued that, because Strenger was not in a position to see what caused plaintiff to slip, Strenger could not have refuted plaintiff's testimony and thus the Act did not bar plaintiff from testifying as to the cause of her fall. In support, she attached excerpts from the depositions of plaintiff and Strenger. In those excerpts, plaintiff testified that she exited the car, she stepped onto the mat, the mat slipped, and she was thrown into a brick wall. In addition, plaintiff testified that Strenger was still inside the car at the time and would not have been able to see the mat slipping as plaintiff stepped onto it. Strenger testified that she had a freezer and a refrigerator in her garage, that there were mats near the freezer, and that a person who exited the car would walk on the mats.

¶ 8    Following a hearing, the trial court entered summary judgment for Wayne. The court stated:

"I don't think there is any question that [the] in the presence requirement for the Dead Man's Act is met here, and I think that to basically speculate about what the decedent

may or may not have been able to see while plaintiff was in her presence would undercut the entire purpose of the Dead Man's Act."

¶ 9 Plaintiff moved for reconsideration. In support, she attached photographs of the garage, the full transcript of Strenger's deposition, the full deposition transcript of Robert Wayne (Strenger's son-in-law), an employer injury report, and a medical report. Robert testified that Strenger had told him that plaintiff had fallen. The employer injury report stated: "Worker was getting out of the Client's car, slipped and fell into a brick wall." The medical report stated: "She was stepping out of a client's car at home, tripped on the rug, stumbling forward and hitting a brick wall." According to plaintiff, this additional evidence could not be refuted by Strenger and was sufficient to raise a genuine issue of fact.

¶ 10 The trial court denied the motion, refusing to consider the attachments, as they were previously available. In addition, the court stated that even if it considered the evidence, it was insufficient to defeat summary judgment.

¶ 11 Plaintiff appealed.

¶ 12 II. ANALYSIS

¶ 13 Plaintiff argues that the trial court erred in granting summary judgment for Wayne. Specifically, she argues that the trial court was incorrect in finding that the Act barred her testimony as to the cause of her fall.

¶ 14 Summary judgment is proper where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2014). The trial court's ruling on a motion for summary judgment is subject to *de novo* review. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 43 (2004).

¶ 15 To prevail in a negligence action, the plaintiff must prove that the defendant owed a duty to her, that the defendant breached that duty, and that the plaintiff's injury proximately resulted from that breach. *Reed v. Galaxy Holdings, Inc.*, 394 Ill. App. 3d 39, 42 (2009). Proximate cause can be established only when there is a reasonable certainty that the defendant's acts caused the injury. *Berke v. Manilow*, 2016 IL App (1st) 150397, ¶ 34.

¶ 16 Our review of the trial court's application of the Act involves the construction of a statute. Issues of statutory construction are reviewed *de novo*. *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351, 361 (2009). Our objective in construing a statute is to determine and give effect to the intent of the legislature. *Id.* The best indicator of the legislature's intent is the plain language of the statute itself. *Id.*

¶ 17 The Act provides, in relevant part:

"In the trial of any action in which any party sues or defends as the representative of a deceased person ***, no adverse party or person directly interested in the action shall be allowed to testify on his or her own behalf to any conversation with the deceased *** or to any event which took place in the presence of the deceased ***." 735 ILCS 5/8-201 (West 2014).

The Act "is intended to remove the temptation of a survivor to testify to matters that cannot be rebutted because of the death of the only other party to the conversation or witness to the event, but it is not intended to disadvantage the living." *Balma v. Henry*, 404 Ill. App. 3d 233, 238 (2010).

¶ 18    Here, Strenger was indisputably in plaintiff's presence during the event at issue. "Presence" is defined as "1 a: the fact or condition of being present : the state of being in one place and not elsewhere : the condition of being within sight or call, at hand, or in a place being thought of : the fact of being in company, attendance, or association: the state of being in front of or in the same place as someone or something *** 2 a: the part of space within one's ken, call, or influence: the vicinity of or the area immediately near one: the place in front of or around a person." Webster's Third New International Dictionary 1793 (1993). Plaintiff does not dispute that Strenger was, at the very least, in the garage and thus within the immediate vicinity and within sight of her when she fell. Thus, the plain language of the Act supports the trial court's conclusion that the event took place in the presence of Strenger.

¶ 19    Nevertheless, plaintiff argues that the Act should not apply to bar her testimony about the cause of the fall because Strenger could not see plaintiff's feet and thus could not have rebutted plaintiff's testimony. This argument is circular. It turns on her assertion that Strenger was in the driver's seat when plaintiff fell. According to plaintiff, because Strenger was in the driver's seat, she could not see plaintiff's feet and thus could not have refuted her testimony that she slipped on the mat. However, what plaintiff fails to acknowledge is that Strenger could have refuted plaintiff's assertion that Strenger was in the driver's seat. At her deposition, Strenger answered "yes" when asked if she saw plaintiff fall. She was not asked where she was when she saw plaintiff fall, and she never admitted having been in the driver's seat at the time. Therefore, because plaintiff's testimony that Strenger was in the driver's seat at the time of her fall is barred under the Act, so is her testimony about the fall itself.

¶ 20    Plaintiff's reliance on *Argueta v. Krivickas*, 2011 IL App (1st) 102166, does not warrant a different conclusion. In *Argueta*, the plaintiff sued the defendant (who later died) for damages resulting from a two-car accident, to which the plaintiff and the defendant were the only witnesses. *Id.* ¶ 1. The plaintiff had alleged that the defendant drove through a red light. *Id.* ¶ 7. The trial court granted summary judgment for the defendant based on the Act, finding that the plaintiff's version of the events occurred within the presence of the defendant. *Id.* ¶ 3. According to the plaintiff's affidavit, the plaintiff was traveling east on 55th Street approaching its intersection with Racine Avenue (which was controlled by a traffic light), while the defendant was traveling south on Racine Avenue. *Id.* ¶ 9. There were trees and bushes in the parkway located between the east and westbound lanes of 55th Street, which obstructed her view of the southbound traffic on Racine Avenue. *Id.* The plaintiff averred that the defendant's view of the eastbound traffic was similarly obstructed. *Id.* The plaintiff claimed that, when she was a quarter-block from the intersection, she saw a northbound vehicle stopped at the intersection on Racine Avenue. *Id.* She continued to observe the northbound vehicle as she approached the intersection; it remained stopped and never moved. *Id.* When she was a car length from the intersection, the traffic light for eastbound traffic was green. *Id.*

¶ 21    On appeal, the reviewing court found that the Act did not bar the plaintiff's testimony in its entirety. *Id.* First, the court agreed that the plaintiff was barred from testifying about the speed and operation of the defendant's vehicle, any warnings the defendant failed to provide, the defendant's failure to control his vehicle, and the defendant's failure to keep a proper lookout because all those facts occurred within the defendant's presence. *Id.* The court also found that the plaintiff was barred from testifying as to the condition of the traffic light or the intersection while the defendant was present. *Id.* However, the court went on to state: "As for matters outside the decedent's presence, the relevant inquiry is not whether the decedent could see

- 4 -

plaintiff on 55th Street but, rather, whether the decedent could also see that which plaintiff claims to have observed from 55th Street." *Id.* The court found:

> "While it could reasonably be inferred that the decedent was present at the intersection immediately prior, during, and subsequent to the collision, thus barring plaintiff from testifying to any facts that occurred within that time frame, there is no competent evidence on the record establishing the decedent's view of the intersection. There is no evidence, for example, that the decedent could see the northbound vehicles on Racine Avenue while a quarter block away from the intersection, absent which the trial court should not have barred that testimony." *Id.*

The court concluded that, because the Act barred the plaintiff from testifying only to that which the defendant would have observed and been able to testify to, the trial court should not have barred the plaintiff from testifying about the northbound car. *Id.*[1]

¶ 22    Initially, we question the validity of the *Argueta* court's apparent assumption, which was arguably *dicta*, that the defendant would not have been able to see the intersection from a quarter of a block away. We note that plaintiff here makes the equally questionable assumption that, from the driver's seat, Strenger would not have been able to see how plaintiff fell. Nothing in the record supports that assumption.

¶ 23    In any event, *Argueta*'s holding is consistent with the general rule that, where the admissible evidence indicates that the decedent would have been unable to observe the events to which the plaintiff would testify, the Act does not bar the plaintiff's testimony. Thus, here, if the admissible evidence had indicated that Strenger was indeed in the driver's seat when plaintiff fell, such that Strenger was unable to see how plaintiff fell, plaintiff might well have been able to testify to those events. However, as noted, the only evidence that Strenger was in the driver's seat was plaintiff's own testimony, which itself was inadmissible under the Act. As a result, *Argueta* is plainly distinguishable.

¶ 24    We note that although plaintiff, in the issue section of her brief, contends that the trial court erred in denying her motion for reconsideration, she has forfeited the issue by failing to argue it or cite authority. Illinois Supreme Court Rule 341(h)(7) (eff. Jan. 1, 2016) requires the appellant's brief to include argument "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Rule 341(h)(7) further provides that "[p]oints not argued are waived and shall not be raised in the reply brief *** or on petition for rehearing." Ill. S. Ct. R. 341(h)(7) (eff. Jan. 1, 2016). Here, plaintiff did not even raise the issue in her reply brief, despite the fact that Wayne argued in her response brief that the motion to reconsider was properly granted.

¶ 25    In any event, the motion to reconsider was properly denied. The purpose of a motion to reconsider is to bring to the court's attention newly discovered evidence, changes in the law, or errors in the court's previous application of existing law. *In re Marriage of Heinrich*, 2014 IL App (2d) 121333, ¶ 55. Where the motion was based only on the trial court's application or

---

[1]The court nevertheless affirmed summary judgment, finding that it was mere conjecture that the plaintiff had a green light when entering the intersection. The court stated: "Under plaintiff's admissible version of the events prior to the collision, it is just as likely as not that the light changed prior to the decedent and the plaintiff reaching the intersection and/or that the northbound vehicle plaintiff observed also entered the intersection. While plaintiff maintains otherwise, the Act bars him from testifying to what happened once the decedent was present." *Id.* ¶ 10.

misapplication of existing law, we review *de novo* the trial court's decision to grant or deny the motion. *Id.* But where the motion was based on new matters, such as additional facts or new arguments or legal theories not presented during the course of the proceedings leading to the order being challenged, the abuse-of-discretion standard applies. *Compton v. Country Mutual Insurance Co.*, 382 Ill. App. 3d 323, 330 (2008). Here, we conclude that under either standard of review, the trial court did not err in denying plaintiff's motion.

¶ 26 First, the trial court properly refused to consider the evidence attached to the motion to reconsider, as it was available at the time of the hearing on the summary-judgment motion. When a movant relies on new evidence, the movant must show that the evidence existed before the initial hearing but had not yet been discovered or was otherwise unobtainable. *Heinrich*, 2014 IL App (2d) 121333, ¶ 57. In the absence of a reasonable *explanation* as to why the evidence was not available at the time of the hearing, the court is under no obligation to consider it. *Emrikson v. Morfin*, 2012 IL App (1st) 111687, ¶ 30.

¶ 27 Moreover, the trial court properly determined that the additional evidence, even if considered, was insufficient to defeat summary judgment, as the evidence did not raise a genuine issue as to whether Strenger's negligence was the proximate cause of plaintiff's fall. Plaintiff alleged that the mat slipped. The additional evidence established only that Strenger told Robert that plaintiff had fallen, that plaintiff told her employer that she "slipped and fell into a brick wall," and that plaintiff told a medical professional that she "tripped on the rug." Under plaintiff's admissible version of the events, it is equally probable that she tripped over her own two feet. (Indeed, it is worth noting that Robert also testified that plaintiff told him that, as she was walking into the house with Strenger, she slipped while stepping up onto a wooden platform.) As "[l]iability against a defendant cannot be predicated on speculation, surmise, or conjecture," the evidence, even if considered, was insufficient to defeat summary judgment. See *Berke*, 2016 IL App (1st) 150397, ¶¶ 34-41.

¶ 28                                   III. CONCLUSION

¶ 29 For the reasons stated, we affirm the order of the circuit court of Lake County granting summary judgment for Wayne.

¶ 30 Affirmed.