# Illinois Official Reports

## Appellate Court

---

### *Liceaga v. Baez*, 2019 IL App (1st) 181170

---

| | |
|---|---|
| Appellate Court Caption | EDWARD MICHAEL LICEAGA, Plaintiff-Appellant, v. ISABEL BAEZ, Defendant-Appellee. |
| District & No. | First District, Fourth Division<br>Docket No. 1-18-1170 |
| Filed | March 29, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2017-CH-2383; the Hon. Neil H. Cohen, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Matthew D. Elster, of Beermann LLP, of Chicago, for appellant.<br><br>Abraham T. Matthew, of Matthew & Drnovsek Law, LLC, of Chicago, for appellee. |
| Panel | JUSTICE GORDON delivered the judgment of the court, with opinion.<br>Justices Reyes and Burke concurred in the judgment and opinion. |

**OPINION**

¶ 1     Plaintiff, Edward Michael Liceaga, appeals the trial court's grant of defendant Isabel Baez's motion to dismiss and the subsequent denial of his motion to reconsider. For the following reasons, we affirm.

¶ 2                                    BACKGROUND

¶ 3     On February 16, 2017, plaintiff filed a verified one-count complaint for replevin alleging that he was the rightful owner of, and entitled to the possession of, a diamond engagement ring. He alleged that he gave the ring to defendant on October 15, 2015, in contemplation of their marriage and that she had "unlawfully retained it" since December 23, 2016.

¶ 4     Attached to the complaint was a form entitled "Insurance Replacement Appraisal," from a jeweler who estimated the ring's value to be $100,000, described the ring, and included a photo.[1]

¶ 5     In his brief to this court, plaintiff acknowledges that he was the one who broke off the parties' engagement and that, after defendant refused to return the ring, he filed this replevin action.

¶ 6     Since one of the issues in the appeal before us is whether plaintiff raised new arguments for the first time on a motion to reconsider, we describe in some detail the parties' extensive motion practice in the court below.

¶ 7     On May 1, 2017, defendant moved to dismiss the action pursuant to section 2-615 of the Code of Civil Procedure. 735 ILCS 5/2-615 (West 2016). The motion alleged that plaintiff and defendant became engaged on October 15, 2015, and plaintiff broke off the engagement in December 2016. The motion argued that an engagement ring is a gift in contemplation of marriage, that it is a gift conditional on the subsequent marriage, and that, under well-established Illinois precedent, the party who fails to perform the condition has no right to the property. The motion argued that defendant intended to marry plaintiff, that plaintiff failed to perform, and that defendant, thus, has a superior interest in the ring.

¶ 8     In his response to the motion, plaintiff acknowledged that he presented the engagement ring to defendant in contemplation of a marriage that did not occur. Plaintiff's response claimed that, after an argument, defendant moved out of their Chicago apartment and she asked plaintiff to pay her moving expenses from Chicago to San Diego. Plaintiff claims that he agreed to pay the moving expenses in exchange for the ring. However, defendant did not return the ring and moved to San Diego. Plaintiff made no claims that he paid the moving expenses.

¶ 9     In her reply, defendant observed that plaintiff did not plead that she, "at any time[,] breached her promise of marriage" or "defaulted on her promise or commitment."

¶ 10    On September 5, 2017, the trial court issued a two-page memorandum order addressing the arguments that both parties raised in their briefs. The trial court observed that plaintiff filed a one-count replevin action and that replevin is a statutory cause of action. Section 19-104 of the Code of Civil Procedure provides in relevant part that

_____

[1]The form was signed, but it was not submitted under penalty of perjury and was not an affidavit.

"[a]n action of replevin shall be commenced by the filing of a verified complaint which describes the property to be replevied and states that the plaintiff in such action is the owner of the property so described, or that he or she is then lawfully entitled to the possession thereof, and that the property is wrongfully detained by the defendant." 735 ILCS 5/19-104 (West 2016).

¶ 11     Based on the case of *Carroll v. Curry*, 392 Ill. App. 3d 511, 514 (2009), which both parties cited, the trial court found:

> "Defendant contends that the Complaint does not allege facts showing Plaintiff's right to return of the engagement ring. An engagement ring is a gift in contemplation of a marriage. *Carroll*, 392 Ill. App. 3d at 514. 'Gifts given in contemplation of marriage are deemed conditional on the subsequent marriage of the parties, and the "party who fails to perform on the condition of the gift has no right to property acquired under such pretenses." ' *Id.* [(quoting *Harris v. Davis*, 139 Ill. App. 3d 1046, 1048 (1986)).]
>
> The Complaint alleges the conclusion that Defendant wrongfully retained the engagement ring but, despite Plaintiff's claims to the contrary, does not actually allege that the marriage did not take place or that it was Defendant who ended the engagement."

The trial court granted defendant's motion to dismiss but without prejudice and granted plaintiff leave to amend his complaint.

¶ 12     Plaintiff then filed an amended verified one-count complaint for replevin, which alleged that he purchased the ring "for the sole purpose of encouraging [defendant] to marry him," that he "ended the engagement due to irreconcilable differences," that the marriage did not take place, that he asked for the ring before filing suit, and that defendant had not returned the ring. Plaintiff argued that the question is "whether or not the marriage occurred, not *why* it did not occur or *because of whom*." (Emphases in original.) In support of this proposition, plaintiff relied exclusively on *Carroll*, 392 Ill. App. 3d at 514.[2]

¶ 13     On October 19, 2017, defendant once again moved to dismiss plaintiff's complaint but this time she moved pursuant to section 2-619(c), rather than 2-615, of the Code of Civil Procedure. 735 ILCS 5/2-619(c) (West 2016). In some ways similar to a summary judgment motion, a section 2-619(c) motion provides a court the means to dispose of issues of law or easily proved issues of fact at the outset of a case. See *Lipscomb v. Sisters of St. Francis Health Services, Inc.*, 343 Ill. App. 3d 1036, 1040 (2003). Defendant argued that no genuine issue of material fact existed since plaintiff admitted in his verified complaint that he ended the engagement and that he was the one "who failed to perform on the condition of the gift."

¶ 14     In a verified response, plaintiff admitted that he ended the engagement but argued that this was irrelevant to the underlying matter. Plaintiff argued that *Carroll* was "the semin[al] and relevant case for the instant matter" and criticized defendant for citing a case that was "subsequently negatively discussed by *Carroll*." Plaintiff claimed that, under *Carroll*, "fault is no longer an inquiry" in which courts engage.

---

[2]While providing solely cites to *Carroll*, plaintiff noted in parentheticals that *Carroll* also cited *Harris v. Davis*, 139 Ill. App. 3d 1046, 1048 (1986), and *National Bond & Investment Co. v. Zakos*, 230 Ill. App. 608 (1923).

¶ 15 On January 12, 2018, at the same time that plaintiff filed his response to defendant's motion to dismiss, he also filed his own motion for summary judgment, which was based on the same grounds as his complaint and his response to the motion to dismiss.[3] In her reply, defendant reiterated the same grounds that she had set forth in her motion to dismiss.

¶ 16 On February 14, 2018, the trial court issued a two-page written order that found in relevant part:

> "In a replevin action involving an engagement ring, the correct inquiry in deciding which party is entitled to possession of the ring is which party's act conclusively ended the engagement. *Carroll*, 392 Ill. App. 3d at 518-19. A court does not consider why an engagement ended, *i.e.* the underlying fault for the relationship's breakdown, but only which party performed the act actually ending the engagement. *Carroll*, 392 Ill. App. 3d at 519-20.
>
> Plaintiff unequivocally alleges in his verified Amended Complaint that it was his act that ended the engagement with Defendant (Am. Compl. ¶ 9). Therefore, Plaintiff has no legal right to possession of the engagement ring under Illinois law and cannot maintain an action for replevin."

The trial court then granted defendant's motion to dismiss with prejudice.

¶ 17 On March 12, 2018, plaintiff retained new counsel, who is the same counsel on this appeal, and he moved to reconsider in the trial court. Previously both parties had agreed that *Carroll* was the controlling law and argued solely over its meaning, and plaintiff, again in this motion, argued that *Carroll* was in his favor. However, for the first time, on this motion to reconsider, plaintiff argued that, if the court did not find for him under *Carroll*, then it should abandon *Carroll*, citing "new" Illinois legislation enacted in 2016 and decisions from other states between 1987 and 2007. Plaintiff also made new policy arguments for the first time.

¶ 18 On March 19, 2018, the trial court entered an order directing, among other things, that:

> "4. Counsel for Defendant shall tender, within 14 days, any and all documents in their client's possession relating to the sale of the engagement ring, including those evincing when the ring was sold, the sale price, the date of sale, and the location of the sale proceeds.
>
> 5. Defendant shall on or before April 16, 2018, deposit the full amount of the sale proceeds with the Clerk of the Circuit Court or in her counsel's client trust account where said funds shall remain pending further order of Court."

¶ 19 On April 16, 2018, defendant brought an emergency motion to vacate the trial court's March 19, 2018, order because the ring was sold in January 2017, for $36,000, and plaintiff had used the proceeds for her "expenses." The ring was sold after plaintiff broke off the engagement in December 2016, but before February 16, 2017, when he filed this action. On April 17, 2018, the trial court granted defendant's emergency motion and vacated its March 19, 2018, order.

---

[3]Included with his motion for summary judgment was an affidavit, which averred the additional fact that, "despite the ended engagement, [defendant] has continued to pursue a relationship with [plaintiff] and we have continued to see each other since the technical end of our engagement."

¶ 20    On April 23, 2018, defendant responded to plaintiff's motion to reconsider, observing that plaintiff was raising new arguments for the first time. Defendant observed that the purpose of a motion to reconsider was to apprise the court of newly discovered evidence or changes in the law, and not to raise new legal theories.

¶ 21    At the hearing on the motion to reconsider, plaintiff argued that one could not reconcile *Carroll* with the repeal in 2016 of statutes permitting suits for a breach of a promise to marry and alienation of affection (the "heart-balm" statutes), and that *Carroll* should not be allowed to stand. Rejecting this argument, the trial court observed that the purpose of a motion to reconsider was to bring to the court's attention newly discovered evidence or changes in the law. However, the court found that plaintiff "offers no newly discovered evidence or changes in the law since the rendering of this Court's decision" two months earlier. The changes argued by plaintiff happened years earlier. The trial court found, first, that plaintiff's argument was "a new argument that cannot be raised on a motion to reconsider" and that, second, even if it could be raised, it had "no merit" because, while the Illinois legislature passed an act repealing alienation of affection and breach of promise to marry, this act said nothing about replevin actions.[4] Lastly, plaintiff argued that the trial court's decision created bad policy, but the trial court found that it was not creating policy but rather following well-established Illinois case law.

¶ 22    On June 4, 2018, "[f]or the reasons stated on the record," the trial court issued an order denying plaintiff's motion to reconsider, and plaintiff filed a notice of appeal on the same day, which stated that he was appealing "(1) the order dated February 14, 2018[,] dismissing this matter with prejudice," and "(2) the order dated June 4, 2018[,] denying Plaintiff/Appellant's Motion to Reconsider."

¶ 23                                    ANALYSIS

¶ 24    On this appeal, plaintiff raises exclusively the argument that he raised for the first time in a motion for reconsideration, namely, that this court should decline to follow *Carroll*. See *Carroll*, 392 Ill. App. 3d at 514 (the party who fails to perform the condition of the gift has no right to it); *Harris*, 139 Ill. App. 3d at 1048 (the party who broke the engagement had no right to the ring). For the following reasons, we cannot find that the trial court abused its discretion in denying his motion for reconsideration and affirm.

¶ 25    The purpose of a motion to reconsider is to bring to a court's attention (1) newly discovered evidence, (2) changes in the law, or (3) errors in the court's previous application of existing law. *River Plaza Homeowner's Ass'n v. Healey*, 389 Ill. App. 3d 268, 280 (2009); *North River Insurance Co. v. Grinnell Mutual Reinsurance Co.*, 369 Ill. App. 3d 563, 572 (2006); *Chelkova v. Southland Corp.*, 331 Ill. App. 3d 716, 729 (2002). A reconsideration motion is not the place to raise a new legal theory or factual argument. *River Plaza*, 389 Ill. App. 3d at 280; *North River*, 369 Ill. App. 3d at 572. Trial courts should not allow litigants to stand mute, lose a motion, and then frantically gather new material to show that the court

---

[4]Illinois had previously permitted suits for the actual damages sustained as the result of a broken engagement (740 ILCS 15/2 (West 2012)) or due to "alienation of affections" (740 ILCS 5/2 (West 2012)). However, as of January 1, 2016, the Illinois legislature eliminated causes of action for a breach of a promise to marry (740 ILCS 15/10.1 (West 2016)) and for alienation of affection (740 ILCS 5/7.1 (West 2016)).

erred in its ruling. *River Plaza*, 389 Ill. App. 3d at 280; *North River*, 369 Ill. App. 3d at 572; *Landeros v. Equity Property & Development*, 321 Ill. App. 3d 57, 65 (2001). As a result, legal theories and factual arguments not previously made are subject to waiver. *River Plaza*, 389 Ill. App. 3d at 280; *North River*, 369 Ill. App. 3d at 572-73.

¶ 26   Our standard of review varies with the purpose of the reconsideration motion.

"Where the motion was based only on the trial court's application or misapplication of existing law, we review *de novo* the trial court's decision to grant or deny the motion. [Citation.] But where the motion was based on new matters, such as additional facts or new arguments or legal theories not presented during the course of the proceedings leading to the order being challenged, the abuse-of-discretion standard applies." *Spencer v. Strenger Wayne*, 2017 IL App (2d) 160801, ¶ 25; *In re Estate of Agin*, 2016 IL App (1st) 152362, ¶ 18; *River Village I, LLC v. Central Insurance Cos.*, 396 Ill. App. 3d 480, 492 (2009).

In the case at bar, it is only the new argument that plaintiff argues on appeal; thus, the abuse-of-discretion standard applies.

¶ 27   An abuse of discretion occurs only when the trial court's ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court. *Thomas v. Weatherguard Construction Co.*, 2018 IL App (1st) 171238, ¶ 53; *In re Marriage of Heroy*, 2017 IL 120205, ¶ 24." '[A] trial court is well within its discretion to deny such a motion [to reconsider] and ignore its contents when it contains material that was available prior to the hearing at issue but never presented.' " *Agin*, 2016 IL App (1st) 152362, ¶ 18 (quoting *River Village*, 396 Ill. App. 3d at 493).

¶ 28   Parties cannot spend months litigating on one and only one ground in the trial court and then appeal to a reviewing court on a completely different ground. The trial court proceeding is not a practice round. In the court below, the parties were in complete agreement that *Carroll* was the controlling law and argued only its application to the facts of this case. Then, for the first time, on a motion to reconsider, plaintiff argued that the findings in *Carroll* should be abandoned. A motion to reconsider is not the place for the inclusion of new arguments that could have been raised earlier. Actions like that simply waste everyone's time and money, as they did in this case for over a year. In his reply brief, both in this court and in the court below, plaintiff argues that the argument was really the same, even though he argued on the basis of completely different statutes that he had not cited before and completely different case law that he had not cited before, including a new list of out-of-state cases on the issue. If ever there was a case that cried out for enforcement of the judicial policy reasons behind a motion to reconsider, this is it.

¶ 29   As a result, we cannot find that the trial court abused its discretion in denying plaintiff's motion to reconsider. Since plaintiff does not argue on appeal that the trial court misapplied *Carroll* and argues only that *Carroll* should be abandoned and since that argument was not made before the trial court's initial order, that argument is waived, and we cannot find that the trial court erred in issuing the initial order. *Village of Arlington Heights v. Anderson*, 2011 IL App (1st) 110748, ¶ 15 ("[t]heories not raised" are waived on review).

¶ 30    Even if we were to consider the issue raised by plaintiff, the facts[5] indicate that this is not the case where we should abandon *Carroll* and create new law. In the case at bar, plaintiff broke off their engagement, and defendant moved to California from the apartment that they shared in Chicago. By his own admission, plaintiff proposed to exchange moving expenses for the ring. Instead, defendant kept the ring, moved, and sold it herself. A month after it was sold, plaintiff sued in replevin for the return of the ring. *Huber Pontiac, Inc. v. Wells*, 59 Ill. App. 3d 14, 19 (1978) (where it is undisputed that defendant sold the item and no longer had possession, "replevin, a possessory action, could not lie against him"); *International Harvester Credit Corp. v. Helland*, 130 Ill. App. 3d 836, 838 (1985) (plaintiff has the burden in a replevin action to prove he is entitled to possess the property and that defendant is wrongfully detaining it); see also *Carroll*, 392 Ill. App. 3d at 514 ("[t]he primary purpose of the replevin statute" is to "place the successful party in possession of the property"); *Carroll*, 392 Ill. App. 3d at 515 (replevin action was proper, since the defendant had "made no affirmative allegation that someone else possessed the ring at the commencement of the instant action"). Thus, the findings in *Carroll* and other Illinois precedent do not indicate that the trial court erred.

¶ 31    By eliminating the heart-balm statutes, the Illinois legislature chose to leave parties after a nonmarital break-up in the position that they decided to place themselves, in light of the risks that they chose to take under well-established precedent.[6] If anything, the legislature's action in eliminating the heart-balm statutes in 2016 argues against plaintiff's use of replevin in this case, not for it.

¶ 32                                          CONCLUSION

¶ 33    For the foregoing reasons, we affirm the trial court's order dismissing the action.

¶ 34    Affirmed.

---

[5]By moving for summary judgment, plaintiff conceded that there was no genuine issue of material fact preventing disposition of the case. Likewise, defendant's motion for dismissal under section 2-619(c) conceded that the case could be resolved on the documents in the record. Thus, both parties conceded that the relevant facts were established and not in dispute—and those facts are rather simple. See 735 ILCS 5/2-619(c), 2/1005(c) (West 2016); *Ruby v. Ruby*, 2012 IL App (1st) 103210, ¶ 13 (where both parties move for summary judgment, "they concede there are no genuine issues of material fact"); *Bank of America, N.A. v. Carpenter*, 401 Ill. App. 3d 788, 795 (2010) ("they concede the absence of a genuine issue of material fact").

[6]The legislature stated that the purpose of the repeal was to further "the amicable settlement of domestic relations disputes." Pub. Act 99-90, § 1-1.