NOTICE
Decision filed 05/20/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 241175-U

NO. 5-24-1175

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| CITY OF EFFINGHAM, ILLINOIS, a Municipal Corporation, | ) ) ) | Appeal from the Circuit Court of Effingham County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 20-CH-22 |
| DURGA PROPERTY HOLDINGS, INC., an Ohio Corporation, | ) ) ) ) | |
| Defendant-Appellant, | ) ) | |
| VILLAGE SQUARE MALL REALTY MANAGEMENT, LLC, an unknown Illinois Limited Liability Company, UNKNOWN OWNERS, and NON-RECORD CLAIMANTS, Defendants. | ) ) ) ) ) ) | Honorable Allan F. Lolie, Judge, presiding. |

_____

PRESIDING JUSTICE CATES delivered the judgment of the court.
Justices Sholar and Hackett concurred in the judgment.

**ORDER**

¶ 1   *Held*:  The circuit court's decision to deny the defendant's motion to continue was not an abuse of discretion. The circuit court decision to grant summary judgment and deny the defendant's motion to reconsider was not in error, nor did the circuit court abuse its discretion in denying the motion to reconsider.

¶ 2   The defendant, Durga Property Holdings, Inc. appeals the July 30, 2024, order granting summary judgment and the October 2, 2024, order denying the defendant's motion to reconsider. For the following reasons, we affirm the decision of the circuit court.

1

¶ 3                                    I. BACKGROUND

¶ 4        In 2019, the plaintiff, City of Effingham, Illinois, initiated a proceeding pursuant to section

11-31-1 of the Unsafe Property Division of the Illinois Municipal Code (Unsafe Property Act) (65

ILCS 5/11-31-1 (West 2018)) against Village Square Mall Realty Management, LLC (VSM

Realty) the owner of property commonly known as Village Square Mall (VS Mall). See *City of*

*Effingham v. Village Square Mall Realty Management, LLC*, No. 19-MR-68 (Cir. Ct. Effingham

County). After that matter was filed, VSM Realty transferred the ownership of VS Mall to Durga

Property Holdings, Inc. (the defendant) which then intervened in that matter.

¶ 5        On August 7, 2020, in *City of Effingham*, No. 19-MR-68, the plaintiff and the defendant

entered into an agreed order. Pursuant to the terms of the agreed order, VS Mall was declared to

be "dangerous and unsafe" and the order set forth a schedule of work to be performed by the

defendant to address the condition of the property. The plaintiff was authorized to perform the

work outlined in the agreed order if the defendant failed to strictly comply with the terms and

conditions of the agreed order. Thereafter, the plaintiff filed a rule to show cause in *City of*

*Effingham*, No. 19-MR-68 and informed the defendant of its intention to complete the work

outlined in the agreed order. The defendant responded by filing a petition for a temporary

restraining order to prevent the plaintiff from performing work on the property.

¶ 6        An evidentiary hearing was held in *City of Effingham*, No. 19-MR-68 on November 23,

2020. The circuit court found that the defendant failed to strictly comply with the terms and

conditions of the August 7, 2020, agreed order, and the time for compliance, even with an agreed-

to extension, had expired. The circuit court further found that the VS Mall remained in a dangerous

and unsafe condition. The circuit court additionally denied the request for the temporary

restraining order. The plaintiff was authorized to perform the work identified in the agreed order

on the VS Mall. The defendant appealed this decision in *City of Effingham v. Village Square Mall Realty Management LLC*, 2021 IL App (5th) 200431-U, which was dismissed for lack of appellate jurisdiction because the appeal was untimely pursuant to Illinois Supreme Court Rule 307(a) (eff. Nov. 1, 2017).

¶ 7 The plaintiff proceeded to perform work on VS Mall as allowed by the August 7, 2020, agreed order and the November 23, 2020, order entered in *City of Effingham*, No. 19-MR-68. After separate sections of the work were completed, the plaintiff recorded notices of statutory liens. Four liens were recorded in total, on the following dates: October 28, 2020, July 1, 2021, December 14, 2021, and December 21, 2022.

¶ 8 On December 1, 2020, after having recorded its first lien, the plaintiff initiated this matter by filing its verified complaint to foreclose a statutory lien and notice of foreclosure regarding the VS Mall property. Three amended complaints were subsequently filed, and ultimately, the plaintiff sought relief pursuant to section 11-31-1(a) of the Unsafe Property Act (65 ILCS 5/11-31-1(a) (West 2018)) for the foreclosure of municipal dangerous and unsafe building liens. The third amended complaint contained four counts corresponding with the four recorded liens.

¶ 9 The defendant responded to the initial complaint and answered each amended complaint thereafter. The defendant denied the validity of the liens through four affirmative defenses: 1) fraudulent inducement, 2) equitable estoppel, 3) lack of standing, and 4) lack of honest attempt. The plaintiff submitted multiple motions to strike each of the defendant's affirmative defenses. The circuit court entered corresponding orders striking all four of the defendant's affirmative defenses, with prejudice.

¶ 10    Defense counsel filed a motion to withdraw on June 12, 2023. On August 15, 2023, new counsel for the defendant filed their entry of appearance in this matter as well as in *City of Effingham*, No. 19-MR-68.

¶ 11    The plaintiff filed a motion for summary judgment on August 22, 2023. The plaintiff claimed that it had entered into an agreed order with the defendant on August 7. 2020, in *City of Effingham*, No. 19-MR-68, and the defendant failed to comply with the order. The motion further indicated that after an evidentiary hearing, the circuit court issued an order on November 23, 2020, finding that the plaintiff was authorized to perform the required work as outlined in the agreed-upon order. Thereafter, the plaintiff performed work on the VS Mall and recorded four separate notices of statutory liens pursuant to and in compliance with section 11-31-1(a). The plaintiff additionally served the defendant with a verified complaint, and subsequently amended its complaints, published notice of foreclosure, filed a certificate of publication, and recorded the notice of foreclosure. The plaintiff argued that the defendant had failed to raise a "material issue of fact" concerning its claims because the circuit court had entered orders striking the defendant's affirmative defenses, with prejudice. Therefore, the entry of summary judgment was proper where there was no disputed material fact concerning the validity of the four recorded statutory liens.

¶ 12    The plaintiff attached to its August 22, 2023, motion for summary judgment, the August 7, 2020, agreed order, docket entries from the City of Effingham, No. 19-MR-68 authorizing the plaintiff to perform work on the property, recorded notices of the four statutory liens, and the affidavit of Steven Miller, the city administrator for the City of Effingham, Illinois. Miller averred that the plaintiff performed the work allowed by court orders to address the dangerous and unsafe conditions of the property. Proposals from numerous contractors were requested, and the lowest responsive proposal was selected. As the work was completed, statutory liens were recorded, and

4

the plaintiff was charged attorneys' fees incurred by the plaintiff to enforce its rights under the Unsafe Property Act. Miller averred that four statutory liens had been incurred, as follows: the first lien: $44,014.96; the second lien: $410,063.57; the third lien: $276,241.77; the fourth lien: $285,885.68; interest through August 3, 2023: $80,625.03; and attorneys' fees from December 6, 2022, through August 7. 2023: $6,027. The total amount of expenses, interest, and attorneys' fees amounted to $1,102,858.01. Miller further averred that the plaintiff would continue to incur additional attorneys' fees, costs, and expenses in the foreclosure action and those additional amounts should be added to the lien amounts and judgment. The four notices of statutory liens, contractor invoices, and affidavits of attorneys' fees were attached to Miller's affidavit.

¶ 13    The motion for summary judgment was set to be heard on September 18, 2023. The defendant filed a motion to stay proceedings on September 18, 2023, and filed an affidavit of Dharminder Bedi, who was an affiliate of the defendant, in support of its motion to stay. In its motion to stay, the defendant was concerned that the prices for the work done may have been inflated and requested additional discovery during a stay of the proceedings. The circuit court continued the hearing on the plaintiff's motion for summary judgment.

¶ 14    The defendant subsequently filed an additional motion to stay proceedings and a motion for leave to conduct discovery. A hearing was set on the defendant's motions for October 30, 2023. Another affidavit of Bedi was submitted in support of the defendant's motion to stay. Bedi averred that the plaintiff's liens did not accurately reflect the work performed on the property, and, upon information and belief, "Plaintiff holds material documents and information that would prove Plaintiff or its contractors inflated prices." The defendant claimed that it had not been afforded the opportunity to conduct discovery regarding the lien amounts and work completed. The circuit court granted the defendant additional time to conduct discovery.

5

¶ 15    During a status conference held on March 5, 2024, the parties informed the circuit court that discovery had been completed. The parties agreed to a briefing schedule, and the hearing on the motion for summary judgment was scheduled for May 13, 2024. On May 9, 2024, counsel for the defendant was permitted to withdraw their appearances.

¶ 16    New counsel for the defendant entered her formal appearance on July 2, 2024. A video conference was held, however, on June 10, 2024, and new counsel appeared in the civil ZOOM court on June 10, 2024. The case, however, was called in the criminal ZOOM court, which caused defense counsel to appear in the wrong courtroom. The circuit court, nevertheless, noted her appearance and confirmed with counsel that the motion for summary judgment was scheduled for July 8, 2024. Counsel indicated that she was available on the scheduled date.

¶ 17    On July 2, 2024, the defendant filed a motion to continue the motion for summary judgment hearing. Defense counsel requested additional time to familiarize herself with the case and to speak to opposing counsel. The plaintiff objected to the defendant's motion to continue arguing that nearly a year had elapsed since the filing of their motion for summary judgment. The circuit court granted the motion to continue and reset the hearing for July 25, 2024.

¶ 18    On July 24, 2024, the defendant filed an additional motion to continue. Defense counsel had a scheduling conflict and was unable to appear at the time set for the hearing on the summary judgment. A short continuance was requested. The following day, defense counsel appeared for the scheduled hearing, indicated that the scheduling conflict was resolved, and informed the circuit court that she was ready to proceed. The circuit court found that the motion to continue was moot and proceeded with the July 25, 2024, hearing on the plaintiff's motion for summary judgment.

¶ 19    The plaintiff informed the circuit court of the submission of a supplemental affidavit by Miller, the city administrator, to reflect the amount of attorneys' fees incurred and interest accrued

since August 23, 2023, the date that the motion for summary judgment was filed. Miller averred that additional attorneys' fees and interest had accrued for a total amount of $87,397.72.

¶ 20    The plaintiff then argued that it was entitled to summary judgment on the four liens recorded related to the completion of several projects pursuant to the Unsafe Property Act. The plaintiff supported its motion for summary judgment with an affidavit. Miller averred that the city of Effingham had requested proposals from "numerous contractors and selected the lowest responsive proposal for each project that had to be completed." The defendant had not filed a counter affidavit. The plaintiff argued that facts contained in an affidavit in support of a motion for summary judgment which are not contradicted by a counter affidavit should be admitted and taken as true. The plaintiff further argued that their liens were valid and requested judgment to proceed with foreclosure or sale.

¶ 21    The defendant generally contested the amounts included in the liens and argued that the plaintiff should have hired less expensive contractors. The circuit court inquired whether the defendant had affidavits or counterbids to submit to dispute the cost of the work performed. The defendant did not offer any evidence to support its position and requested to conduct further discovery on the issue of damages. The circuit court considered that the defendant's motion to continue did not address a lack of discovery and inquired whether the defendant had filed a motion to compel discovery for anything that the plaintiff had not provided. Defense counsel responded, "we have not yet, Judge" and stated that she was new to the case. The defendant then argued that there were issues of material fact in dispute, and the matter should proceed to trial, without addressing any specific facts that were contested. Additionally, the defendant argued that it was not afforded an opportunity to review the supplemental affidavit submitted by the plaintiff the day of the hearing.

7

¶ 22　　The plaintiff informed the circuit court that the supplement affidavit included an updated prejudgment interest amount of an additional $76,000 interest, or $156,000 in total interest. Additionally, the defendant had an ample amount of time to conduct discovery and it had taken depositions. Regarding the issue of attorneys' fees, the plaintiff informed the circuit court that it had submitted a supporting affidavit listing time entries and the hourly rate for attorneys' fees. However, the issue of attorneys' fees should not delay judgment, and the plaintiff proposed reserving the issue of attorneys' fees for a separate hearing, if necessary. At the conclusion of arguments, the circuit court took the matter under advisement.

¶ 23　　The written order of judgment for foreclosure sale was entered by the circuit court on July 30, 2024, granting the plaintiff's motion for summary judgment. The circuit court found that the notices of statutory liens recorded by the plaintiff complied with the requirements of section 11-31-1(a) as they contained the necessary information and were recorded within the applicable timeframe set out in section 11-31-1(a). The plaintiff had valid and existing liens upon VS Mall as reflected in the notices of statutory lien. The order included that the notices of statutory liens and expenses contained in the sworn affidavits reflected that the plaintiff was due $44,014.96 for the first lien; $410,063.57 for the second lien; $276,241.77 for the third lien; $285,885.68 for the third lien; $156,915.25 in interest through July 25, 2024; and $17,134.50 in attorneys' fees and expenses from December 6, 2022, through July 24, 2024. The circuit court entered a judgment for the total amount of $1,190,255.73 in favor of the plaintiff and against the defendant. A three-month redemption period was granted. A judgment of foreclosure was entered in favor of the plaintiff.

¶ 24　　The defendant filed a motion to reconsider arguing that the motion to continue should have been granted to allow the defendant to review the supplemental affidavit filed on July 25, 2024; there were material issues of fact in dispute; and summary judgment should have been denied. The

defendant addressed that the circuit court took the matter under advisement and entered the proposed order prepared by the plaintiff and that defense counsel did not have an opportunity to review the proposed order. The defendant further argued that the circuit court failed to comply with the requirements of section 11-31-1 where the order did not include specific findings and claimed that there was a dispute as to the cost of repairs. The defendant attached an affidavit of Vijayakumar Vemulapalli and accompanying exhibits in an effort to introduce new evidence that challenged the validity of the plaintiff's liens. A declaration of Randall Plikerd regarding work completed prior to the November 23, 2020, court date, a declaration of Jerry Wilker dated July 8, 2021, and an affidavit of Keith Jacob dated July 15, 2024, along with a quote and construction contract from a roofing company were all attached to the motion to reconsider.

¶ 25    The plaintiff submitted a response arguing that the defendant was unable to provide a specific fact in dispute and the defendant's general arguments were unsupported by documentation or counter affidavits. The plaintiff further argued that the motion to reconsider had not raised any evidence or argument not available at the time of the hearing on the motion for summary judgment; the plaintiff was entitled to judgment concerning the foreclosure of the liens; and that the defendant failed to raise any genuine issue of material fact in its motion to reconsider.

¶ 26    The circuit court held a hearing on the motion to reconsider. The defendant did not expand on its written argument. The circuit court considered that the case had been pending for a long time and several attorneys had withdrawn from representing the defendant. The current defense counsel had been present for a matter on June 10, 2024, and had approximately a month and a half to review the case. The circuit court found that any denial of a continuance on July 25, 2024, was not in error given the history of this case. The defendant's argument regarding the review of a proposed order was meritless where the decision was not agreed to by the parties. The circuit court

9

also addressed the affidavits attached to the motion to reconsider and found that the affidavits should have been attached to a response to the motion for summary judgment. The circuit court denied the motion to reconsider. This appeal followed.

¶ 27                                    II. ANAYLYSIS

¶ 28    On appeal, the defendant argues that the circuit erred by denying a motion to continue, granting summary judgment, and denying the motion to reconsider. The defendant additionally raised an argument regarding a November 12, 2024, written order, which has been stricken and will not be addressed.

¶ 29                               A. Motion to Continue

¶ 30    The defendant's claim that the circuit court erred in denying its motion to continue is without merit. "The decision to grant or deny a motion for continuance is within the sound discretion of the trial court and will not be disturbed on appeal 'unless it has resulted in a palpable injustice or constitutes a manifest abuse of discretion.' " *K&K Iron Works, Inc. v. Marc Realty, LLC*, 2014 IL App (1st) 133688, ¶ 22. "A circuit court's ruling is considered an abuse of discretion when it is arbitrary, fanciful, or unreasonable, or when no reasonable person would take the same view." *K&K Iron Works, Inc.*, 2014 IL App (1st) 133688, ¶ 22.

¶ 31    The circuit court continued the summary judgment hearing multiple times. The summary judgment motion was heard nearly a year after its filing. The last written motion to continue requested by the defendant was submitted the day before the hearing on the summary judgment motion, and the request was entirely based on defense counsel's scheduling conflict. The circuit court did not hear or deny the defendant's final request to continue the hearing. Rather, the motion was determined moot because defense counsel appeared and had indicated that she was ready to proceed.

10

¶ 32     Then, during the hearing on the motion for summary judgment, defense counsel made what seems to be an oral motion to continue the proceedings to conduct additional discovery. Specifically, when asked her position on the merits of the motion for summary judgment, defense counsel indicated, "Part of the issue was that the parties were conducting discovery and our clients wished to or wishes to continue discovery to conduct depositions to get more information as to the amount of damages." When questioned further by the circuit court, defense counsel indicated, "I just want to make sure that we have everything that we need before arguing a motion for summary judgment, and our argument is specifically that there are issues of fact that this Court, that need to be discovered before the Court rules on that summary judgment." Defense counsel did not submit any specifics to support her request to the circuit court. The plaintiff responded that the defendant "wasted their opportunity" to conduct discovery. Indeed, the plaintiff argued, "they can't sit on their hands, Judge, and then on the eve of judgment say, hey, there's still facts to be discovered."

¶ 33     We agree with plaintiff. This case had been pending since 2020. The defendant had been represented by several different attorneys but still had the opportunity to conduct discovery. Continuances had been granted in the past to allow for discovery. The defendant did not have an absolute right to a continuance. See *K&K Iron Works, Inc.*, 2014 IL App (1st) 133688, ¶ 22. On the proceedings in this case, we cannot say the circuit court abused its discretion when it failed to allow the defendant additional time to conduct discovery in response to the plaintiff's motion for summary judgment.

¶ 34                              B. Summary Judgment

¶ 35     Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2022). In

11

deciding whether a genuine issue of material fact exists, a court must construe the pleadings, depositions, admissions, and affidavits strictly against the moving party and liberally in favor of the opponent. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 43 (2004). A triable issue exists where the material facts are disputed or where the material facts are undisputed, but a reasonable person might draw different inferences from the uncontested facts. *Adams*, 211 Ill. 2d at 43.

¶ 36 If a party moving for summary judgment presents uncontradicted facts that would entitle such party to a judgment as a matter of law, the opposing party cannot rely on its pleadings to raise issues of material fact. *Purtill v. Hess*, 111 Ill. 2d 229, 240-41 (1986). Counter affidavits may be filed by the nonmoving party prior to or at the time of the hearing set for the summary judgment motion. 735 ILCS 5/2-1005(c) (West 2024). The nonmoving party must produce evidentiary facts that would enable the trier of fact to return a favorable decision; "mere speculation, conjecture, or guess" is insufficient. (Internal quotation marks omitted.) *Tafoya-Cruz v. Temperance Beer Co.*, LLC, 2020 IL App (1st) 190606, ¶ 68. Facts presented in an affidavit supporting a motion for summary judgment, which are not contradicted by a counter affidavit, are admitted and must be taken as true for purposes of the summary judgment motion. *Purtill*, 111 Ill. 2d 229, 241. We apply *de novo* review to appeals from summary judgment rulings. *Adams*, 211 Ill. 2d at 43.

¶ 37 The plaintiff submitted a motion for summary judgment attaching an affidavit from Miller, the city manager, that addressed the four notices of liens that had been recorded and the corresponding amount of work performed by the plaintiff. Attached to the affidavit were contractor invoices and attorneys' fees affidavits. Miller attested to the amount of money expended by the plaintiff to address the unsafe condition of VS mall as authorized by the circuit court in *City of Effingham*, No. 19-MR-68.

12

¶ 38    The defendant generally contested the amount spent making repairs without submitting a written response to the summary judgment motion and without providing any counter affidavits regarding costs or alternative bids. The only affidavits submitted by the defendant in this matter were in support of a motion to stay to conduct discovery filed months before the hearing on summary judgment. Thereafter, the parties were allowed to conduct discovery regarding the work completed by contractors hired by the plaintiff and the validity of the four liens. The parties informed the circuit court on March 5, 2024, that discovery was complete and the motion for summary judgment was set for hearing.

¶ 39    During the motion hearing, the defendant argued that there were genuine issues of material fact and generally contested the amount charged for work done and other expenses claiming that the plaintiff should have hired contractors with lower bids. The defendant was provided the opportunity to present competing bids or counter affidavits during the motion hearing but did not do so in support of its claim. Miller's affidavit addressed that the plaintiff requested multiple bids and selected the lowest responsive proposal for each project. The circuit court considered that the defendant had not identified any actual material issues of fact in its argument against summary judgment.

¶ 40    The circuit court additionally acknowledged that defendant's counsel had recently entered her appearance and wished to conduct further discovery. The parties had informed the circuit court on March 5, 2024, that the discovery was complete. Prior to the motion hearing, the defendant had not requested additional time to conduct further discovery in a motion to continue nor was there an outstanding motion to compel at the time of summary judgment hearing.

¶ 41    On appeal, the defendant now claims that the circuit court relied on recorded statutory liens related to *City of Effingham*, No. 19-MR-68, but there was no final hearing on the validity of those

liens. The defendant addressed the validity of those liens in this matter through four affirmative defenses, which were dismissed, with prejudice. Furthermore, the defendant did not contest the validity of those liens during the summary judgment hearing. Thus, this issue cannot be raised for the first time in this appeal. See *In re Marriage of Minear*, 181 Ill. 2d 552, 564 (1998) (issues not raised in the circuit court are forfeited and cannot be argued for the first time on appeal).

¶ 42    The plaintiff produced evidence that it was authorized to perform the work pursuant to the August 7, 2020, agreed order and the November 23, 2020, order entered in *City of Effingham*, No. 19-MR-68; the plaintiff performed the work and paid the costs, and recorded notices of lien that set forth the costs of the work performed, the date said costs were incurred, and the amount of attorney fees incurred. The defendant did not identify any actual material issues of fact or present counter affidavits. Thus, the plaintiff presented uncontradicted facts. Inasmuch as the defendant did not present any contradictory genuine issues of material fact, the circuit court did not err in accepting the plaintiff's facts as true or by granting summary judgment in favor of the plaintiff.

¶ 43                    C. Motion to Reconsider

¶ 44    We turn to the defendant's claim that the circuit court erred in denying the motion to reconsider. "The purpose of a motion to reconsider is to bring to a court's attention: (1) newly discovered evidence; (2) changes in the law; or (3) errors in the court's previous application of existing law." *River Plaza Homeowner's Ass'n v. Healey*, 389 Ill. App. 3d 268, 280 (2009). A motion for reconsideration is not the place " 'to raise a new legal theory or factual argument.' " *River Plaza Homeowner's Ass'n*, 389 Ill. App. 3d at 280 (quoting *North River Insurance Co. v. Grinnell Mutual Reinsurance Co.*, 369 Ill. App. 3d 563, 572 (2006)).

¶ 45    The standard of review for a motion for reconsideration depends on the purpose of the motion. *Liceaga v. Baez*, 2019 IL App (1st) 181170, ¶ 26. " 'Where the motion was based only on

14

the trial court's application or misapplication of existing law, we review *de novo* the trial court's decision to grant or deny the motion. [Citation.] But where the motion was based on new matters, such as additional facts or new arguments or legal theories not presented during the course of the proceedings leading to the order being challenged, the abuse-of-discretion standard applies.' " *Liceaga*, 2019 IL App (1st) 181170, ¶ 26 (quoting *Spencer v. Wayne*, 2017 IL App (2d) 160801, ¶ 25; *In re Estate of Agin*, 2016 IL App (1st) 152362, ¶ 18; *River Village I, LLC v. Central Insurance Companies*., 396 Ill. App. 3d 480, 492 (2009)). " '[A] trial court is well within its discretion to deny such a motion [to reconsider] and ignore its contents when it contains material that was available prior to the hearing at issue but never presented.' " (Internal quotation marks omitted.) *Liceaga*, 2019 IL App (1st) 181170, ¶ 27 (quoting *Agin*, 2016 IL App (1st) 152362, ¶ 18).

¶ 46    The defendant claims that the circuit court should have granted the motion to reconsider based on newly discovered evidence. The contents and the dates of the affidavits reveal that those affidavits were available prior to the motion for summary judgment hearing. The circuit court found that the affidavits attached to the motion for reconsideration were improper as they should have been submitted in response to the motion for summary judgment. The defendant has not provided a valid reason as to why these counter affidavits were not submitted in a timely response to the plaintiff's motion for summary judgment. As such, the circuit court's decision to deny the motion for reconsideration on this basis was not an abuse of discretion.

¶ 47    The defendant additionally claims that the circuit court erred in its application of the law because there was no finding that the statutory liens were valid and enforceable; the plaintiff has not complied with section 11-31-1; the plaintiff has not established the VS Mall was dangerous or unsafe; and that the defendant was not granted sufficient time to make repairs.

15

¶ 48      The defendant's argument ignores, or is an attempt to relitigate, the August 7, 2020, agreed order, and the November 23, 2020, order entered in *City of Effingham*, No. 19-MR-68. The circuit court, in the July 30, 2024, decision, found that the plaintiff had valid and existing liens upon VS Mall as reflected in the notices of statutory lien. Furthermore, the defendant has not specified the particular requirements of section 11-31-1 that the plaintiff failed to comply with or provide evidence of non-compliance.

¶ 49      Moreover, the defendant failed to adequately dispute the validity of the statutory liens in a written response to the plaintiff's motion for summary judgment or during the July 25, 2024, motion hearing. The motion to reconsider amounted to an untimely effort to provide a response to the motion for summary judgment. "Trial courts should not permit litigants to stand mute, lose a motion, and then frantically gather evidentiary material to show that the court erred in its ruling." *Gardner v. Navistar International Transportation Corp.*, 213 Ill. App. 3d 242, 248d (1991). As such, we find that the circuit court did not err in its denial of the defendant's motion to reconsider.

¶ 50                                    III. CONCLUSION

¶ 51      For the foregoing reasons, we affirm the circuit court of Effingham County.

¶ 52      Affirmed.

16