NOTICE
Decision filed 05/17/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 200431-U

NO. 5-20-0431

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE CITY OF EFFINGHAM, ILLINOIS, a Municipal Corporation, | ) ) ) | Appeal from the Circuit Court of Effingham County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 19-MR-68 |
| VILLAGE SQUARE MALL REALTY MANAGEMENT LLC, an Illinois Limited Liability Company; BANK OF HILLSBORO, f/k/a National Bank; FIRST MID-ILLINOIS BANK & TRUST, NA; I.C. ENTERPRISES, INC.; WOLFE RESTORATION, INC., d/b/a Servpro; and WABASH TIRE & AUTO REPAIR, | ) ) ) ) ) ) ) ) | |
| Defendants | ) ) | Honorable James J. Eder, |
| (Durga Property Holdings, LLC, Intervenor-Appellant). | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Welch and Vaughan concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The intervenor's appeal is dismissed for a lack of appellate jurisdiction because the interlocutory order appealed from, which denied a petition for a temporary restraining order and a motion for a rule to show cause, and which restated the rights of the parties that had been set forth in an agreed order many months before, was not appealed within the time limit set forth in Illinois Supreme Court Rule 307(d)(1) (eff. Nov. 1, 2017) and did not qualify as a preliminary injunction and thus, was not properly appealable pursuant to Illinois Supreme Court Rule 307(a) (eff. Nov. 1, 2017).

1

¶ 2    The intervenor, Durga Property Holdings, LLC (Durga), appeals, pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017), the November 23, 2020, order of the circuit court of Effingham County, which, *inter alia*, denied its motion for a temporary restraining order preventing the plaintiff, the City of Effingham, Illinois (City), from entering its property to conduct repairs pursuant to an agreed order entered August 7, 2020. For the following reasons, we dismiss the appeal for a lack of appellate jurisdiction. In addition, we deny, as moot, Durga's motion to supplement the record on appeal, which was taken with the case.

¶ 3                                     BACKGROUND

¶ 4    On June 28, 2019, the City filed a verified complaint in the circuit court of Effingham County, naming as defendants all parties who were then either owners, lien holders, or interested parties in real estate known as the Village Square Mall Shopping Center in Effingham. Count I of the complaint alleges that a one-story commercial mall building located on the property was dangerous and unsafe and constitutes an immediate and continuing hazard to the health, safety, and welfare of the community due to mold/mildew conditions, sprinkler system deficiencies, emergency alarm deficiencies, portions of the roof missing and/or in disrepair, and other structural integrity issues. Count II of the complaint alleges that another one-story commercial building on the property, commonly known as Wabash Tire & Auto Repair, was also dangerous and unsafe in that the roof was in disrepair and the walls were separating, creating a danger of collapse. Counts I and II of the complaint requested preliminary and permanent injunctive relief pursuant to sections 11-13-15 and 11-31-1(a) of the Illinois Municipal Code (65 ILCS 5/11-13-15, 11-31-1(a) (West 2018)) and section 12-34 of the City's municipal code, ordering the defendants to repair the buildings or authorizing the City to demolish, remove, or repair them and authorizing a lien in favor of the City for the costs of said demolition, removal, or repair.

¶ 5    On July 22, 2019, the circuit court entered an order, by agreement of the parties, finding that the commercial buildings referenced in count I and count II of the complaint are dangerous and unsafe, constituting an immediate and continuing danger to the public. This agreed order outlined the various statutory and City regulation violations applicable to the building and required that defendant Village Square Mall Realty Management, LLC (Village Square), remediate these conditions, including a detailed list of required repairs that were to be made prior to August 15, 2019. The agreed order specified that the alternative remedy of authorizing the City to demolish, remove, and/or repair the buildings, and creating a lien in favor of the City for the costs thereof, "is hereby reserved."

¶ 6    On September 12, 2019, the City filed a petition for rule to show cause against Village Square, alleging that Village Square willfully failed to remediate certain conditions in both buildings by August 15, 2019, as required by the July 22, 2019, agreed order. The circuit court granted the petition. On December 23, 2019, the City filed a motion requesting that the circuit court authorize it to demolish, remove, or repair the conditions that Village Square failed to remediate pursuant to the July 22, 2019, agreed order. On January 23, 2020, the circuit court entered an order noting that Village Square had failed to appear at the hearing on the City's motion and authorizing the City to (1) demolish the loading dock area of the Rural King suite of the commercial mall building and (2) repair all other areas within the commercial mall building to make the building safe and in compliance with state and local laws. The January 23, 2020, order specified, however, that the City was not authorized to demolish any other area of the commercial mall building without further order of the court, including the area designated as the JC Penney suite. The January 23, 2020, order did not reference the Wabash Tire building that was the subject of count II of the complaint, and the supporting record on appeal, prepared

3

pursuant to Illinois Supreme Court Rule 328 (eff. July 1, 2017), does not indicate the ultimate disposition of count II of the complaint.

¶ 7    On April 29, 2020, Durga filed a motion to intervene in this action. Although the record is not conclusive on this point, the parties to this appeal appear to agree that Durga acquired ownership of the property from Village Square in early 2020. The circuit court granted the motion to intervene on May 19, 2020, by agreement of the parties. During a status conference on June 11, 2020, the circuit court indicated that the City and Durga could seek modification of the circuit court's January 23, 2020, order. On August 7, 2020, the circuit court entered an agreed order again finding the commercial mall building to be dangerous and unsafe, and amending the January 23, 2020, agreed order by further specifying the work Durga needed to complete throughout the building, including the Rural King and JC Penney suites, and the deadlines for completing such work. The agreed order further provides that should Durga fail to strictly comply with the agreed order, the City is authorized to perform all the work specified therein, "as well as conduct such other work as is reasonably necessary to make the [p]remises safe and in compliance with state and local laws." Finally, the agreed order granted the City leave to file a lien within 180 days after "any demolition, repair, and removal" of the structure.

¶ 8    On October 7, 2020, the City filed a petition for a rule to show cause against Durga, alleging that Durga failed to complete the repairs as specified in the August 7, 2020, agreed order. On October 27, 2020, the circuit court entered an agreed order granting Durga an extension until November 10, 2020, to abide by the terms of the August 7, 2020, agreed order. On November 12, 2020, Durga filed a petition for a temporary restraining order, requesting that the circuit court prohibit the City from conducting any demolition or work on the property on the basis that Durga had begun the work required by the August 7, 2020, agreed order. On

4

November 18, 2020, the City filed a petition to have Durga adjudicated to be in indirect civil contempt of court for its failure to abide by the August 7, 2020, agreed order.

¶ 9 On November 23, 2020, the circuit court held a hearing on the City's motion for an adjudication of contempt and Durga's petition for a temporary restraining order. After hearing evidence at that hearing, the circuit court found that Durga was not in compliance with the agreed order of August 7, 2020, and as such, the City was authorized by that order to perform the work necessary to bring the property in compliance with that order. The circuit court entered an order denying Durga's petition for a temporary restraining order and finding that the City is authorized to do the work as provided in the agreed order. In addition, the circuit court denied the City's motion to adjudicate Durga in contempt of court. The circuit court emphasized that the agreed order of August 7, 2020, which amended the agreed order of January 23, 2020, did not allow the City to demolish any part of the property other than the Rural King loading dock.

¶ 10 On November 30, 2020, Durga filed an "emergency motion to reconsider," reiterating the evidence presented at the hearing that Durga "had multiple employees beginning the remediation and reconstruction process of the Rural King loading dock area," and requesting that the circuit court reconsider its ruling and "not allow the City *** to demolish the Rural King loading dock area at this time." The circuit court denied the motion to reconsider by order dated December 1, 2020. On December 23, 2020, Durga filed a notice of interlocutory appeal pursuant to Illinois Supreme Court Rule 307(a) (eff. Nov. 1, 2017).

¶ 11 On January 6, 2021, this court issued a rule to show cause why this appeal should not be dismissed for a lack of appellate jurisdiction, noting that the docket entry entered by the circuit court on November 23, 2020, indicated that it was denying Durga's motion for a temporary restraining order. As such, this court ordered Durga to show cause why this appeal should not be

5

dismissed for its failure to file a notice of appeal within two days as required by Illinois Supreme Court Rule 307(d) (eff. Nov. 1, 2017). On January 12, 2021, Durga filed its response to this court's rule to show cause, asserting that the circuit court's order is properly characterized as injunctive in nature because Durga's motion for a temporary restraining order was an improperly titled motion to dissolve an injunction. Durga further argued that the circuit court's order was properly characterized as injunctive because it allows and directs the City to perform repair and demolition work on its property and prevents Durga from performing the work. On January 27, 2021, this court entered an order discharging the rule to show cause. On March 16, 2021, Durga filed a motion to supplement the record on appeal, which this court ordered to be taken with the case.

¶ 12                                          ANALYSIS

¶ 13     The question of appellate jurisdiction must be determined prior to deciding the merits of an appeal. *Steel City Bank v. Village of Orland Hills*, 224 Ill. App. 3d 412, 416 (1991). Where this court lacks jurisdiction, we must dismiss the appeal. *Id.* Here, the circuit court's November 23, 2020, order was entered after a hearing on Durga's motion for a temporary restraining order and the City's petition for a finding of indirect civil contempt. The order specifically states that these motions were denied. However, Durga did not file a notice of appeal from this order within the two days required for an appeal of an order denying a temporary restraining order as required by Illinois Supreme Court Rule 307(d) (eff. Nov. 1, 2017). Instead, it filed a notice of appeal specifying that its appeal was being brought pursuant to Illinois Supreme Court Rule 307(a) (eff. Nov. 1, 2017). In its response to this court's order to show cause, Durga submits that its petition for a temporary restraining order was improperly titled and should be characterized as a motion to modify the injunction entered by the circuit court on August 7, 2020. As such, Durga contends

6

that the circuit court's November 23, 2020, order is appealable pursuant to Illinois Supreme Court Rule 307(a) (eff. Nov. 1, 2017) because it was an order denying a motion to modify an injunction. In addition, Durga argues that the November 23, 2020, order is itself injunctive in nature because it orders that the City enter its property and perform demolition and remediation work, and thus the order is within the scope of Rule 307(a).

¶ 14    Durga's jurisdictional arguments ignore the essential nature of the circuit court's order of August 7, 2020, which was entered by agreement. An agreed order is a recordation of the contractual agreement between the parties and is not a judicial determination of the parties' rights. *In re Haber*, 99 Ill. App. 3d 306, 309 (1981). Agreed orders may only be modified or vacated upon a showing that meets the standards applied to petitions brought pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2008)). *In re Marriage of Rolseth*, 389 Ill. App. 3d 969, 972 (2009). Durga's petition for a temporary restraining order is thus not properly characterized as a motion to modify an injunction because the August 7, 2020, order, to the extent that it was injunctive in nature, was an agreed order which was not the proper subject of a motion to modify. In addition, the November 23, 2020, order, which denied Durga's petition for a temporary restraining order, did not order the parties to do or refrain from doing anything that had not already been ordered and agreed to in prior orders. Accordingly, we decline Durga's invitation to recharacterize its petition for a temporary restraining order as a petition to modify an injunction, and we find that the November 23, 2020, order does not constitute an injunction.

¶ 15    Moreover, we note that even if we characterized the November 23, 2020, order as an injunction, the order would still not qualify for an interlocutory appeal pursuant to Illinois Supreme Court Rule 307(a) (eff. Nov. 1, 2017). Rule 307(a) provides that appeal may be taken

from an *interlocutory* order granting, modifying, refusing, dissolving, or refusing to dissolve an injunction. An interlocutory injunction is granted to preserve the status quo pending a decision on the merits and concludes no rights. *Steel City Bank*, 224 Ill. App. 3d at 416. Such orders are either preliminary injunctions or temporary restraining orders, which are limited in duration and in no case extend beyond the conclusion of the action. *Id.* If an injunction is permanent in nature, it is a final order appealable only under Rules 301 or 304(a) if those rules are otherwise applicable. *Id.* at 417.

¶ 16　If we were to characterize the November 23, 2020, order as an injunction allowing the City to perform work on Durga's property, it would be in the nature of a permanent injunction, because allowing the City to perform the work and demolition permanently alters the rights of the parties, rather than preserving the status quo. See *id.* Where the order being appealed is a permanent mandatory injunction, rather than a preliminary injunction, it is not eligible for appeal under Rule 307(a). *Id.* at 418. Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) is inapplicable because there are still counts and issues pending in this action. See *id.* Finally, the order does not contain a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). See *id.* Thus, we lack jurisdiction over this appeal. See *id.*; see also *Smith v. Goldstick*, 110 Ill. App. 3d 431, 438 (1982). Because we must dismiss this appeal for a lack of jurisdiction, we deny, as moot, Durga's motion to supplement the record on appeal.

¶ 17　　　　　　　　　　　　　CONCLUSION

¶ 18　For the foregoing reasons, we dismiss this appeal for a lack of jurisdiction and deny Durga's motion to supplement the record on appeal as moot.


¶ 19　Motion denied; appeal dismissed.