2025 IL App (1st) 231103-U

SECOND DIVISION
January 21, 2025

No. 1-23-1103

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| LONGO AND ASSOCIATES LTD. and JOSEPH ANTHONY LONGO, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | 22L63044 |
| ILLINOIS DEPARTMENT OF TRANSPORTATION and ERIN PETROLIS, | ) ) ) ) | Honorable Daniel J. Kubasiak, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE McBRIDE delivered the judgment of the court.
Justices Howse and Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Circuit court dismissal of lawsuit against the Illinois Department of Transportation and its attorney affirmed where the claims were barred by sovereign immunity.

¶ 2    Plaintiffs, attorney Joseph Longo and his law firm Longo and Associates LTD., (collectively Longo), represented a client in connection with a separate federal Title VII discrimination case against the Illinois Department of Transportation (IDOT). In this case, Longo

filed an action against IDOT and Erin Petrolis, the Assistant Attorney General (AAG) who represented IDOT in the federal case, alleging that IDOT and Petrolis wrongly failed to pay Longo an award of statutory attorney fees. Longo alleged that by failing to pay the award, IDOT violated the Illinois Attorneys Lien Act, and Petrolis committed acts of conversion and civil conspiracy. The trial court dismissed Longo's complaint finding it barred by the doctrines of sovereign immunity and public official's immunity. Longo appeals.

¶ 3     The record shows that Longo represented DeMarco Nichols in a federal employment discrimination lawsuit against IDOT. *Nichols v. IDOT*, No. 12-cv-1789 (N.D. Ill.). Nichols ultimately prevailed obtaining a November 2017 judgment for approximately $976,000 in damages, $275,000 in contributions to the pension fund, as well as other equitable relief including reinstatement to employment. In January 2019, the district court awarded Longo approximately $775,000 in statutory attorney fees and $4,000 in costs, which was reduced from $1.7 million requested by Longo. Longo appealed the award and, in July 2021, the United States Court of Appeals for the Seventh Circuit affirmed it. *Nichols v. IDOT*, 4 F.4th 437 (7th Cir. 2021).

¶ 4     Meanwhile, a dispute arose between Nichols and Longo regarding the reasonableness of Longo's attorney fees. Longo contended that, in addition to the statutory fee award, the retainer agreement entitled him to 45% of the value of the entire judgment, including the monetary and equitable relief. In particular, Longo claimed to be entitled to fees associated with Nichols's reinstatement to employment, which Longo "unilaterally" valued at $1 million based on Nichols's expected future lifetime "wages and benefits." See *Nichols v. Longo*, 22 F.4th 695, 697 (7th Cir. 2022). Nichols, by contrast, contended that Longo's fee demand was excessive, and that the contingency agreement was unconscionable. Nichols filed a motion to adjudicate Longo's attorney fees and for other relief in the district court, asking the court to order Longo to reimburse Nichols

for a portion of the fees he had retained, as well as to order IDOT to pay the statutory fees award directly to Nichols. Thereafter, IDOT requested that it be allowed to deposit the amount of the statutory fees award with the federal district court, and the district court granted it leave to do so.

¶ 5    In ruling on Nichols's motion regarding Longo's attorney fees, the federal district court "express[ed] concern about Longo's position," but determined that the dispute was not within its jurisdiction. It concluded that its "jurisdiction does not extend [ ] to attorney fee disputes after the case has been dismissed and jurisdiction has been relinquished." Nichols appealed that decision, and on January 7, 2022, the United States Court of Appeals for the Seventh Circuit affirmed, finding that the trial court correctly determined that the dispute over the contingency contract was not within its jurisdiction. *Nichols v. Longo*, 22 F.4th 695, 697 (7th Cir. 2022). In March 2022, the federal district court clerk released the funds and accumulated interest back to IDOT.

¶ 6    Thereafter, in April 2022, Nichols filed a lawsuit against Longo in the Illinois circuit court. *Nichols v. Longo*, No. 22 L 3769. Nichols asserted that Longo was taking advantage of his client to "claim fees of about $1.6 million, and leaving his client with a cash recovery of only $50,000." Nichols alleged counts for declaratory relief and breach of contract. He requested, among other relief, declaratory relief that IDOT should pay the funds for the statutory attorney fee award to him directly. Nichols named IDOT as an "indispensable party" because it was holding the funds for the statutory attorney fees award that he claimed should be paid to him.

¶ 7    On September 30, 2022, IDOT filed an answer, and a counterclaim for interpleader. IDOT asserted that it "st[ood] willing and able to pay the $778,645.52 in at-issue attorney fee award to this Court to disburse and allocate in favor of" either Nichols or Longo, but requested the "Court's assistance in allocating the at-issue attorney fee award." IDOT stated that it "neither knows nor can ascertain to whom such money should be paid and cannot itself decide the validity of the

respective claims of [Nichols] and *** Longo." IDOT asked the court to allow it to "pay the clerk of the court and into the registry of the court the amounts determined to be due, and further terminating all responsibility of and discharging IDOT from any further claim that [Longo or Nichols] may make on IDOT."

¶ 8 At some point thereafter,[1] Longo moved to dismiss IDOT's interpleader action, contending that IDOT was "seek[ing] to absolve itself from the obligation imposed upon it by the federal court and the [Illinois Attorneys] Lien Act by interpleading Longo's statutory attorney's fees with the Cook County Clerk." Longo asserted that IDOT had "not properly pled its right to interplead" and that it was seeking "relief from this Court that goes beyond that to which it is entitled."

¶ 9 On November 15, 2023, the trial court entered an order denying Longo's motion to dismiss IDOT's interpleader claim, finding sufficient factual allegations supporting that counterclaim. The court noted that Nichols was seeking a "declaratory judgment for the amount of the fee award, plus a judgment for the amount proven in the Federal Case."

¶ 10 Meanwhile, on May 25, 2022, Longo filed a separate lawsuit against IDOT and AAG Erin Petrolis, which is the subject of the instant appeal. Longo asserted that he served IDOT in 2012 with "a notice of attorney's lien and assignment of attorney fees," and that "[o]n a few occasions" he demanded IDOT pay the statutory attorney fee award and IDOT refused. Longo argued that,

> "[e]ffectively, IDOT through attorney Petrolis conspired with DeMarco Nichols or
> his attorneys by refusing to transfer the plaintiff's statutory attorney's fees to the
> plaintiff, so that DeMarco Nichols could file a lawsuit against the plaintiff, attempt

---

[1] The exact date that Longo's motion to dismiss was filed cannot be ascertained because the file stamp on the motion contained in the record on appeal is illegible.

to acquire a judgment and then utilize the plaintiff's statutory attorney's fees held, prejudgment, in the court's registry to satisfy the judgment."

¶ 11　Longo alleged three counts. The first count was against IDOT for a violation of the Illinois Attorneys Lien Act, 770 ILCS 5/1 (West 2022). He alleged that the Attorneys Lien Act makes a defendant liable for the amount of a lien if it is served with notice of the lien and the defendant then "fails to honor it." He requested judgment against IDOT for the amount of the statutory attorney fees "and all other amounts to which the plaintiff is entitled."

¶ 12　Count II was against Petrolis for conversion. Longo alleged that he had a right to immediate possession of the statutory attorney fees, that Petrolis refused to transfer the fees to him in spite of repeated demands, and that she had "done all that she could do to block IDOT from transferring the plaintiff's statutory attorney's fees to the plaintiff." He further alleged that Petrolis represented IDOT as its attorney, that she "acted beyond the scope of her employment" because she "exposed IDOT to liability," and that she "had an independent duty to follow the law." He alleged that she "was not performing a uniquely governmental function," and that she "violated her fiduciary duties to protect the state" and "exposed the state to unnecessary litigation by violating laws." He requested "all damages allowed by law, including punitive damages," against Petrolis.

¶ 13　Finally, Longo alleged a third count against Petrolis for civil conspiracy. Longo alleged that Petrolis "had contacts with" and "civilly conspired with" Nichols or his attorneys, and agreed with them "to refuse to transfer" the statutory attorney fees to Longo. He also alleged that she violated the Attorneys Lien Act and "the law, such as, disregarding the assignment of attorney's liens and other contractual documents." Longo further contended that, as a result of Petrolis's "refusal to transfer" the statutory attorney fees to Longo, Longo had "lost the correlative income

that could have been gained by investing the statutory attorney's fees." He requested "all relief allowed by law, including punitive damages," against Petrolis.

¶ 14     On the unopposed motion of IDOT, the circuit court assigned this case to the same judge hearing *Nichols v. Longo*, as a related case.

¶ 15     On September 6, 2022, IDOT filed a combined motion to dismiss Longo's lawsuit under sections 2-615 and 2-619 of the Code of Civil Procedure. IDOT contended that Longo's claims were barred by sovereign immunity and public official immunity, and that accordingly, the circuit court lacked subject matter jurisdiction. IDOT contended that, pursuant to the doctrine of sovereign immunity, "the State of Illinois shall not be made a defendant or party in any court," and that tort actions for money damages against state agencies are not properly brought in the circuit court.

¶ 16     IDOT further contended that the claims against Petrolis were also barred by sovereign immunity, because Longo's allegations established that she was acting within the scope of her employment as a state employee, any duty she was alleged to have breached stemmed from that employment, and her performance as an AAG was "clearly an official State function." In the alternative, IDOT asserted that the claims against Petrolis should be dismissed because they were barred by "Public Officials' Immunity," pursuant to which "public officials are immune from personal liability for their performance of discretionary duties." Citing *Currie v. Lao*, 148 Ill. 2d 151, 166 (1992).

¶ 17     Finally, IDOT also contended that Longo had failed to plead sufficient facts to support the claims. In particular, IDOT contended that Longo had not pleaded facts to show that he had perfected any lien to allege a violation of the Attorneys Lien Act. Second, as to the conversion count, IDOT asserted that Longo had not pleaded facts to support the elements of a conversion claim—specifically that AAG Petrolis had "control, dominion or ownership at any time of the

fees," that Longo had "a right in the property and a right to immediately possess the property," or that Longo had made a demand for that property. IDOT also asserted that Longo's conclusory allegation that he had "repeatedly demanded" that Petrolis transfer the statutory attorney fees, without any information as to when or how such a demand was made, was insufficient to state a claim of conversion. As to the claim of civil conspiracy, IDOT asserted that Longo's allegations were all legally conclusory, and that Longo did not plead any facts to show how or when an agreement was formed, or who were the parties to the alleged agreement.

¶ 18     On April 24, 2023, Longo responded to IDOT's motion to dismiss. Longo argued, among other things, that sovereign immunity did not apply because the underlying case was for discrimination under Title VII, his claim against IDOT was statutory, his claims were for release of money that belonged to him, and defendants violated "statutory or constitutional law" and the January 10, 2019 order. Longo also stated that sovereign immunity was inapplicable to Petrolis because she was sued as an individual and because she "acted outside of her employment" by "placing IDOT in harm's way by conspiring with Nichols to cause IDOT to engage in an unconstitutional 'taking' of [Longo]'s property."

¶ 19     On May 25, 2023, the court entered an order granting IDOT's motion to dismiss "with prejudice." The court explained that the doctrine of sovereign immunity bars suits against the State, and agencies and departments thereof, unless the State consents to be sued. 745 ILCS 5/1 (West 2022); *Rockford Memorial Hospital v. Department of Human Rights,* 272 Ill. App. 3d 751, 755 (1995). The State of Illinois may waive the protection of sovereign immunity, however, such consent to be sued must be clear and equivocal, and only the legislature has the power to waive sovereign immunity. *Lynch v. Department of Transportation,* 2012 IL App (4th) 111040, ¶ 23. The court noted that Longo had not alleged any facts that suggested that the legislature had waived the

protection of sovereign immunity in this case, and Longo sought monetary compensation from IDOT, when such claims "are not properly brought in the Circuit Court." Accordingly, the court found that "sovereign immunity applies," and the court "lack[ed] jurisdiction over Longo's Complaint as it related to IDOT."

¶ 20    The court further found that Longo's claims for conversion and civil conspiracy against Petrolis were also barred by sovereign immunity. The court explained that Longo alleged only "legal conclusions in an attempt to side-step sovereign immunity," but that there were no allegations that would support a conclusion that Petrolis acted beyond the scope of her authority or "outside her representation of IDOT in this case as an Assistant Attorney General," or that she violated "any duty that was owed by the public generally independent of her state employment." Rather, "Assistant Attorneys General are entrusted by the Attorney General with the duty of representing the State and State agencies in tort actions" and Petrolis's actions concerned matters within her "normal and official functions as a State employee."

¶ 21    Additionally, the court further found Longo's claims against Petrolis were barred by the doctrine of public officials' immunity because her "alleged[ly] tortious actions occurred during the course of her representation of IDOT as an Assistant Attorney General," and there were no allegations to support an argument that she "acted with 'malicious motives.' "

¶ 22    On June 21, 2023, Longo filed a notice of appeal from the May 25, 2023, order, as well as motions to reconsider and to amend his complaint.

¶ 23    In his motion to reconsider, Longo asserted that the court failed to appreciate that IDOT and Petrolis "constantly refus[ed] to surrender the statutory attorney's fees, despite the federal court's 1/10/19 order," that such refusal was "unconstitutional [and] illegal," and "thus, at a minimum, Illinois waived any sovereign immunity." Longo also asserted that the State's waiver

of sovereign immunity in the underlying federal lawsuit meant that the State had also "consented to the instant lawsuit." Longo cited *People v. Phillip Morris*, 198 Ill. 2d 87 (2001), which he contended held that "plaintiffs can sue Illinois under the Illinois Attorneys Lien Act," and "rejected" the argument that sovereign immunity would bar such a claim.

¶ 24 In his motion to amend, Longo asked to file an amended complaint, which he contended clarified that sovereign immunity did not apply because Illinois consented to the prior federal lawsuit, and that the instant lawsuit was "[e]ffectively *** a continuation of the underlying federal lawsuit in the sense that the instant lawsuit seeks to collect the amount already liquidated and adjudicated in the underlying lawsuit." Longo also asked to be permitted to amend the complaint to "include[ ] a new defendant, the director of IDOT."

¶ 25 On October 26, 2023, the trial court entered orders denying Longo's motions to reconsider and to amend the complaint. The court first found that Longo waived the argument that IDOT waived sovereign immunity in the instant case because it consented to being sued in the underlying federal lawsuit, and that Longo failed to provide any case law or statutory authority in support of that argument. The court also noted that Longo's argument based on *Phillip Morris*, 198 Ill. 2d 87, was also raised for the first time in the motion to reconsider, that it was waived as well, and nonetheless, *Phillip Morris* was inapplicable to the instant case. The court further found that Longo "fail[ed] to provide any evidence of new facts, new law, or a misapplication of existing law that would require the Court to reconsider its May 25, 2023 order," and that Longo was "simply attempting to re-argue the same points that were rejected by the Court when assessing [IDOT's] motion to dismiss, which is improper for a motion to reconsider."

¶ 26    Regarding Longo's motion to amend, the court explained that it had previously found Longo's claims were "barred by the doctrines of sovereign immunity and public official's immunity," and that that Longo could not "overcome either doctrine by an amended complaint."

¶ 27    On November 22, 2023, Longo filed in this court a document titled "Motion to amend existing notice of appeal to include instanter order denying motion to reconsider and motion to amend the complaint, or consider instant motion as notice of appeal." On December 8, 2023, this court allowed Longo to file an amended notice, which he filed on December 13, 2023, to add the October 26, 2023, orders to his appeal.[2]

¶ 28    In this court, Longo contends that the circuit court erred in granting IDOT's motion to dismiss, and in denying Longo's motions to reconsider and to amend the complaint.

¶ 29    IDOT's motion to dismiss was brought pursuant to 735 ILCS 5/2-619.1 (West 2022), combining grounds under sections 2-615 and 2-619 of the Code of Civil Procedure. A section 2-619 motion admits the legal sufficiency of the complaint's allegations but asserts defects or defenses that defeat a claim. *Walworth Investments-LG, LLC v. Mu Sigma, Inc.*, 2022 IL 127177, ¶ 40. A section 2-615 motion "challenges the legal sufficiency of a complaint based on certain defects or defenses apparent on the face of the complaint." *Id.* at ¶ 39.

¶ 30    In reviewing the legal sufficiency of a complaint, the court accepts as true all well-pleaded facts and reasonable inferences that may be drawn from those facts. *Ferguson v. City of Chicago*,

---

[2] Thereafter, proceedings continued in *Nichols v. Longo*, and IDOT moved to deposit the funds for the statutory attorney fees with the circuit court, which the court granted on February 21, 2024, over Longo's objection. In May 2024, IDOT deposited the funds with the court.

213 Ill. 2d 94, 96-97 (2004). We also construe the allegations in the light most favorable to the nonmoving party. *King v. First Capital Financial Services Corp.*, 215 Ill. 2d 1, 12 (2005); *Walworth Investments-LG, LLC*, 2022 IL 127177, ¶ 39 (section 2-615 motion); *Green v. State*, 2023 IL App (1st) 220245, ¶ 17 (section 2-619 motion). That being said, Illinois is a fact-pleading jurisdiction, and a plaintiff must allege sufficient facts to bring their claim within a legally recognized cause of action. *Weiss v. Waterhouse Securities, Inc.*, 208 Ill. 2d 439, 451 (2004). A plaintiff cannot rely on mere conclusions of law or fact not supported by specific factual allegations. *Anderson v. Vanden Dorpel*, 172 Ill. 2d 399, 408 (1996); *Quiroz v. Chicago Transit Authority*, 2022 IL 127603, ¶ 12 (a plaintiff "must allege facts sufficient to bring a claim within a legally recognized cause of action and not simply conclusions." (internal quotation marks omitted)). The trial court's order granting a motion to dismiss is reviewed *de novo. Walworth*, 2022 IL 127177, ¶ 40. Moreover, whether a circuit court has subject matter jurisdiction over an action and whether a claim is barred by sovereign immunity are questions of law reviewed *de novo*. See *McCormick v. Robertson*, 2015 IL 118230, ¶ 18.

¶ 31    Likewise, the denial of Longo's motion for reconsideration is reviewed *de novo* when the motion is based on the circuit court's "application or misapplication of existing law." *Liceaga v. Baez*, 2019 IL App (1st) 181170, ¶ 26. The denial of a motion to amend, however, is reviewed for abuse of discretion. *Kay v. Frerichs*, 2021 IL App (1st) 192271, ¶ 26. "An abuse of discretion occurs only when the trial court's decision is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view adopted by the trial court." *Haage v. Zavala*, 2021 IL 125918, ¶ 40.

¶ 32    As an initial matter, we must comment on Longo's briefs, which violate several supreme court rules regarding briefing. Ill. Sup. Ct. R. 341 (eff. Oct. 1, 2020) (governing the form and

content of appellate briefs); see *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Compliance with Rule 341 is mandatory, and this court may, in its discretion, strike a brief and dismiss an appeal based on the failure to comply with the applicable rules of appellate procedure. *Id.*

¶ 33    First, Longo's statement of facts section does not contain the "facts necessary to an understanding of the case" presented "accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal" in violation of Illinois Supreme Court Rule 341(h)(6). Longo's statement of facts is often argumentative, and includes many purported facts containing no citations to the record on appeal. When citations to the record do appear, many of those citations do not support the factual statements made. For other factual statements, Longo simultaneously cites the entirety of several of his own pleadings filed in the *Nichols v. Longo* case, spanning almost 50 pages of the record, but does not indicate where within those pleadings the purported factual statement may be found.

¶ 34    Additionally, Rule 341(h)(7) requires the appellant to present reasoned argument and citation to legal authority and to specific portions of the record in support of his claim of error. Ill. S.Ct. R. 341(h)(7). If an appellant fails to properly develop an argument in his opening brief, the argument is "forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). This rule is especially important because, when reviewing a case, the appellate court starts with the presumption that the circuit court's ruling was in conformity with the law and the facts. See *Behrstock v. Ace Hose & Rubber Co.,* 147 Ill. App. 3d 76, 86 (1986) ( "it is well settled that all reasonable presumptions are in favor of the action of the trial court"); *In re Alexander R.,* 377 Ill. App. 3d 553, 556 (2007) (noting the general and well-established principle of appellate review that the circuit court knows and follows the law). The appellant bears the burden of overcoming that presumption. *Behrstock,* 147 Ill. App. 3d at 86.

An issue that is merely listed or included in a vague allegation of error is not "argued" and will not satisfy the requirements of the rule. *Vancura v. Katris*, 238 Ill. 2d 352, 370 (2010). As a reviewing court, we are entitled to a cohesive legal argument with the issues clearly defined and citation to the record and competent authority. *First National Bank of LaGrange v. Lowrey*, 375 Ill. App. 3d 181, 208 (2007). We are not "a depository in which the appellant may dump the burden of argument and research." *Id.*

¶ 35    Longo's argument sections in his appellant's briefs haphazardly raise issue after issue, rarely providing pertinent authority or coherent argument sufficient for this court to review. Longo's arguments are often unclear, not well developed, or not supported by relevant authority, and as a result, we find many of Longo's arguments to be forfeited. For example, Longo presents no pertinent authority or coherent argument supporting his claims that the waiver of sovereign immunity in the underlying federal case must extend to this case as well. Longo also claims that sovereign immunity is inapplicable because IDOT and Petrolis "violated the separation of powers doctrine and/or principles of supremacy and comity," and that the circuit court is "required to enforce" the attorney fee order based on the "Full Faith and Credit" clause of the United States Constitution. Longo cites one case each generally describing "separation of powers" and the "Full Faith and Credit" clause, cites no authority regarding "supremacy and comity," and nonetheless, does not explain how any of the above principles apply in this case. Longo also nominally appears to challenge the trial court's denial of both his motions to reconsider and to amend his complaint, but his argument focuses only on the trial court's decision not to allow an amendment. Finally, Longo's arguments in this court also include an apparent challenge to IDOT's interpleader counterclaim in *Nichols v. Longo*, claiming that the counterclaim was in "bad faith," a "falsity," a "pretext" and a "scheme to avoid or minimize its liability to" Longo for violating the attorney fee

order. Longo, however, does not present any coherent argument or explanation as to how IDOT's interpleader in a separate case has any relevance to the challenged orders here, or how this court could possibly review it.

¶ 36    Finally, we note that Longo's reply brief is 26 pages long, exceeding the page limits as provided by Supreme Court Rule 341(b)(1) (eff. Oct. 1, 2020) ("the reply brief [shall be limited] to 20 pages"), and Longo did not seek or obtain leave from this court to exceed the page limits. Longo's reply brief also includes 37 lengthy footnotes, single spaced, with small typeface, appearing to be less than 12-point. See Ill. Sup. Ct. R. 341(a) ("Footnotes are discouraged" and "Typeface must be 12-point or larger throughout the document, including quoted material and any footnotes."). Often those footnotes take up more than half of the page of text. Had those footnotes been incorporated into the text, Longo's reply brief would have exceeded the page limitations even more egregiously. See *Technology Solutions Co. v. Northrop Grumman Corp.*, 356 Ill. App. 3d 380, 382-84 (2005) (discussing the importance of supreme court rules and striking *sua sponte* substantive arguments contained in footnotes in a party's brief).

¶ 37    As pointed out above, an appellate court has the right to strike an appellant's brief and dismiss the appeal as a result of the appellant's failure to comply with Rule 341. *Alderson v. Southern Co.*, 321 Ill. App. 3d 832, 845 (2001); *Jeffrey M. Goldberg & Associates, Ltd. v. Collins Tuttle & Co., Inc.*, 264 Ill. App. 3d 878, 886 (1994). Nonetheless, striking a brief and dismissing an appeal is a harsh sanction and is appropriate only when the violations of procedural rules hinder our review. *In re Detention of Powell*, 217 Ill. 2d 123, 132 (2005). Despite the deficiencies in Longo's briefs, it is clear that he is challenging the trial court's decision that sovereign immunity and public officials' immunity barred his action against IDOT and Petrolis. We decline to strike Longo's briefs or dismiss the appeal, and we will address Longo's appellate challenges to the

extent we can understand them.

¶ 38 Briefing deficiencies aside, many of Longo's arguments also fail for a different reason. In addition to Longo's forfeiture of many arguments for failure to properly present them, many of Longo's arguments are doubly forfeited because they were not raised in the circuit court, or were not raised until Longo's motion to reconsider. See *Bank of New York Mellon v. Rogers*, 2016 IL App (2d) 150712, ¶ 32 (arguments not raised in the circuit court are forfeited); *American Chartered Bank v. USMDS, Inc.*, 2013 IL App (3d) 120397, ¶ 13 ("Issues cannot be raised for the first time in the trial court in a motion to reconsider and issues raised for the first time in a motion to reconsider cannot be raised on appeal.").

¶ 39 In Longo's appellant's brief, Longo contends that IDOT should have been "judicially estopped" from "taking two contrary positions," because IDOT asserted that jurisdiction was proper in *Nichols v. Longo*. Longo asserts that IDOT's position in that case should constitute a "judicial admission" that jurisdiction is proper in this case as well. This argument, however, was not raised in the circuit court, and Longo may not raise it for the first time in this appeal. See *Kopf v. Kelly*, 2024 IL 127464, ¶ 77, quoting *Haudrich v. Howmedica, Inc.*, 169 Ill. 2d 525, 536 (1996) (" 'It is well settled that issues not raised in the trial court *** may not be raised for the first time on appeal.' ").

¶ 40 In his appellant's brief, Longo also argues that the State consented to be sued in the underlying federal discrimination case, and it "logically follows" that any lawsuit to enforce the judgment is "part of that consent." Longo asserts that the instant lawsuit is "effectively an extension of" the federal discrimination suit, and accordingly, it "falls under the § 5/1.5 'exceptions' to sovereign immunity" since the "Illinois legislature specifically allowed plaintiffs

15

to sue" under Title VII. Longo also contends that the Illinois Supreme Court has explicitly allowed plaintiffs to sue the State under the Attorneys Lien Act, citing *Phillip Morris*, 198 Ill. 2d at 101.

¶ 41    We find that Longo has forfeited review of these issues as well. As the circuit court explained in its October 26, 2023, order, Longo did not raise the above arguments until his motion to reconsider the circuit court's granting of IDOT's motion to dismiss. The purpose of a motion to reconsider is to bring to the court's attention newly discovered evidence that was not available at the time of the original hearing, changes in existing law, or errors in the court's application of the law. *Caywood v. Gossett,* 382 Ill. App. 3d 124, 133 (2008). A reconsideration motion is not the place "to raise a new legal theory or factual argument." *North River Insurance Co. v. Grinnell Mutual Reinsurance Co.,* 369 Ill. App. 3d 563, 572 (2006). A party may not raise a new legal theory for the first time in a motion to reconsider, and arguments raised for the first time in a motion for reconsideration in the circuit court are forfeited on appeal. *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 36; *Gardner v. Navistar International Transportation Corp.*, 213 Ill. App. 3d 242, 248–49 (1991) ("Trial courts should not permit litigants to stand mute, lose a motion, and then frantically gather evidentiary material to show that the court erred in its ruling. Civil proceedings already suffer from far too many delays, and the interests of finality and efficiency *require* that the trial courts not consider such late-tendered evidentiary material, no matter what the contents thereof may be." (Emphasis in original.)); *Triumph Community Bank v. IRED Elmhurst, LLC*, 2021 IL App (2d) 200108, ¶ 48 ("A party may not raise a new legal theory for the first time in a motion to reconsider.").

¶ 42    We thus turn to our review of the remaining issues in this appeal that were not forfeited. [3] Longo first asserts that the trial court erred in concluding that sovereign immunity barred his claims against IDOT and Petrolis.

¶ 43    The doctrine of sovereign immunity bars lawsuits against the State unless the State consents to be sued. *People ex rel. Madigan v. Excavating & Lowboy Services, Inc.*, 388 Ill. App. 3d 554, 558 (2009). The purposes of the doctrine are (1) to protect the State from interference in the performance of its governmental functions and (2) to protect and preserve state funds. *Id.* at 559. Although sovereign immunity was abolished in the Illinois Constitution of 1970, the legislature was granted the authority to reinstate it (Ill. Const. 1970, art. XIII, § 4), which the legislature did by enacting the State Lawsuit Immunity Act (745 ILCS 5/1 (West 2022), which provides that "[e]xcept as provided in the Illinois Public Labor Relations Act, the Court of Claims Act, the State Officials and Employees Ethics Act, and Section 1.5 of this Act, the State of Illinois shall not be made a defendant or party in any court."

¶ 44    "The determination of whether an action is a suit against the State, and thus one that must be brought in the Court of Claims, turns upon an analysis of the issues involved and the relief sought, rather than the formal designation of the parties." *Walker v. Rogers*, 272 Ill. App. 3d 86, 88 (1995). "A plaintiff may not avoid sovereign immunity's bar by naming State employees or agents if the action is in reality against the State." *Leetaru v. Board of Trustees of the University of Illinois*, 2015 IL 117485, ¶ 45. A "suit against a State official in his or her official capacity is a

---

[3] As set forth above, Longo's appellate briefs raise a multitude of disjointed challenges to the trial court's orders. To the extent we have not specifically mentioned an argument contained in Longo's brief, it is because we find it to have been inadequately presented to warrant review.

suit against the official's office and is therefore no different than a suit against the State." *Parmar v. Madigan*, 2018 IL 122265, ¶ 21; see *Leetaru*, 2015 IL 117485, ¶ 44 ("That an action is nominally one against the servants or agents of the State does not mean that it will not be considered as one against the State itself."). An action brought nominally against a State employee in their individual capacity will be found to be a claim against the State where a "judgment for the plaintiff could operate to control the actions of the State or subject it to liability." *Currie*, 148 Ill. 2d at 158.

¶ 45     Unless an exception applies, the Court of Claims Act gives the Court of Claims "exclusive jurisdiction to hear and determine" several categories of disputes, including " [a]ll claims against the State founded upon any law of the State of Illinois," and "[a]ll claims against the State for damages in cases sounding in tort." 705 ILCS 505/8(a); (d) (West 2022). In particular, "a party seeking a monetary judgment against an agency payable out of state funds must bring its action in the Court of Claims." *Meyer v. Department of Public Aid*, 392 Ill. App. 3d 31, 34 (2009).

¶ 46     Whether sovereign immunity applies to bar an action is a question of subject matter jurisdiction. *Leetaru v. Board of Trustees of the University of Illinois*, 2015 IL 117485, ¶¶ 41-42. If the circuit court lacks subject matter jurisdiction, an action is subject to involuntary dismissal pursuant to section 2-619(a)(1) of the Code. 735 ILCS 5/2-619(a)(1) (West 2022).

¶ 47     Here, IDOT is an arm of the State (20 ILCS 2705/2705-10, 2705-15 (2022), and Longo's request for monetary relief against IDOT would subject the State to liability (*Currie*, 148 Ill. 2d at 158). Moreover, although Longo attempts to characterize this lawsuit as an attempt to merely "enforce" the January 2019 attorney fee award, Longo's lawsuit seeks a new monetary judgment against the State for an alleged violation of the Attorneys Lien Act, not only for the amount of the prior award, but also for "all other amounts to which the plaintiff is entitled." And in Longo's counts against Petrolis, Longo makes tort claims seeking other additional damages, "including

punitive damages." Longo's claims against IDOT seeking a monetary award are barred by sovereign immunity. *Parmar*, 2018 IL 122265, ¶ 26; *Taylor v. State Universities Retirement Systems*, 203 Ill. App. 3d 513, 524 (1990) ("The circuit court properly held [the plaintiff]'s only recourse for obtaining payment of the attorney fees to which he is entitled is an action in the Court of Claims.").

¶ 48 Longo, however, contends that claims of sovereign immunity are "inapplicable" when "[S]tate defendants act unconstitutionally [or] illegally." Longo asserts that "[b]y continually ignoring and violating" the court's order for statutory attorney fees, IDOT "acted unconstitutionally, rendering sovereign immunity inapplicable." Longo also contends that the claims against Petrolis were wrongly dismissed and that she can "be sued in her individual capacity because she violated statutory or constitutional law and/or exceeded her authority."

¶ 49 Longo's arguments implicate what is known as the "officer suit exception." In *Parmar*, 2018 IL 122265, ¶ 24, our supreme court considered the plaintiff's challenge to the application and constitutionality of an amendment to the Illinois Estate and Generation-Skipping Transfer Tax Act, and plaintiff's request for a refund of money paid to the Treasurer. The circuit court dismissed the complaint for lack of jurisdiction based on sovereign immunity, and the appellate court reversed, finding that sovereign immunity did not apply where the State officer was alleged to "have acted in violation of statutory or constitutional law or in excess of [the officer's] authority." *Parmar*, 2017 IL App (2d) 160286, ¶ 22, *rev'd*, 2018 IL 122265, ¶ 22. The supreme court reversed the judgment of the appellate court, explaining that:

> "Where, for example, a plaintiff alleges that the State officer's conduct violates statutory or constitutional law or is in excess of his or her authority, such conduct is not regarded as the conduct of the State. The underlying

19

principle is that conduct taken by a State officer without legal authority strips the officer of his or her official status. Thus, a complaint seeking to prospectively enjoin such unlawful conduct may be brought in the circuit court without offending sovereign immunity principles. This exception to sovereign immunity has been called the 'prospective injunctive relief' exception, but it is most often referred to as the 'officer suit exception.' "

*Parmar*, 2018 IL 122265, ¶ 22 (Internal quotations and citations omitted.).

¶ 50     However, "not every legal wrong committed by an officer of the State will trigger [the officer suit] exception." *Leetaru*, 2015 IL 117485, ¶ 47. Although the plaintiff in *Parmar* alleged that the State "defendants' conduct was unlawful because defendants acted pursuant to an unconstitutional statute," plaintiff did not seek to "enjoin future conduct by the defendants that was contrary to law." *Parmar*, 2018 IL 122265, ¶ 26. Instead, the *Parmar* plaintiff sought "damages—a refund of all moneys paid under the Estate Tax Act, together with interest and loss of use—for a past wrong." *Id.* The supreme court held that "a complaint seeking damages for a past wrong does not fall within the officer suit exception to sovereign immunity." *Id.*

¶ 51     Similarly, in this case, Longo is seeking monetary relief against the State for its alleged "past wrong." Longo is not seeking "to prospectively enjoin such unlawful conduct." *Id.*, ¶ 22. Accordingly, the officer suit exception to sovereign immunity does not apply.

¶ 52     Longo next claims that the trial court erred in dismissing the complaint because Longo made a claim under the Attorneys Lien Act, which is a "statutory action" and "not a tort." Longo has not cited any legal authority supporting his assertion that sovereign immunity applies only to tort claims, and not statutory claims, against the State. To the contrary, Section 8 of the Court of Claims Act provides that the Court of Claims "shall have exclusive jurisdiction to hear and

determine" certain claims against the State, including, in relevant part, "[a]ll claims against the State founded upon any law of the State of Illinois" *and* "[a]ll claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit." 705 ILCS 505/8(a); (d) (West 2022).

¶ 53    Longo also contends that sovereign immunity does not apply when a plaintiff sues the State "to release money belonging to" the plaintiff. Longo string cites several cases which found that sovereign immunity did not bar a claim. None of those cases, however, stand for the proposition for which Longo cites them. Instead, the cases found sovereign immunity inapplicable for other reasons, in particular because the State defendant acted outside of the scope of his or her authority, or the claims sought mandamus, equitable or declaratory relief, or compliance with a mandatory or nondiscretionary statutory duty.

¶ 54    Longo next asserts that the trial court erred in dismissing the counts against Petrolis. He contends that sovereign immunity does not apply when she acted outside the scope of her employment as an AAG because "attorneys do not have discretion to disobey court orders, violate laws enacted by the Illinois legislature or have Illinois act unconstitutionally by engaging in a 'taking' of [Longo]'s property."

¶ 55    A three-part test determines when claims for damages against state employees are considered claims against the state. *Green*, 2023 IL App (1st) 220245, ¶ 25. Sovereign immunity will apply if "(1) there are no allegations that the employee of the state acted beyond the scope of his or her authority through wrongful acts, (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of state employment, and (3) the complained-of actions involve matters ordinarily within that employee's normal and official functions of the state." *Id.*

21

¶ 56   "To show that a state employee acted beyond the scope of their authority, it is not sufficient merely to allege, in conclusory terms, that a defendant did something unlawful." *Id.*, ¶ 27. A "State employee's violation of policy, regulation, or even statute does not necessarily avert the application of sovereign immunity." *Welch v. Illinois Supreme Court*, 322 Ill. App. 3d 345, 352 (2001); see also *Grainger v. Harrah's Casino*, 2014 IL App (3d) 130029, ¶ 34 ("a state employee does not act outside the scope of his authority (thereby precluding the application of sovereign immunity) merely by committing a tort"). As the appellate court explained in *Grainger*, 2014 IL App (3d) 130029, ¶ 34:

> "[N]o state employee has the authority to commit a tort, and if sovereign immunity could be defeated by alleging a tort, sovereign immunity for tort actions could not exist. [B]ecause sovereign immunity presupposes the possibility of a legal wrong by a state employee, and legal wrongs are, *per se,* unauthorized, the relevant question cannot be whether the employee had authority to commit the legal wrong. To hold otherwise would be to confuse[ ] the jurisdictional question sovereign immunity presents with the merits of [the plaintiff's] claim." (Internal quotations and citations omitted).

¶ 57   Accordingly, the relevant question is not whether Petrolis had the authority to commit the legal wrong that Longo alleges, but, rather, whether she "intended to perform some function within the scope of *** her authority when committing the legal wrong." *Jackson v. Alvarez*, 358 Ill. App. 3d 555, 561 (2005).

¶ 58   The Attorney General is "the legal officer of the State" (Ill. Const., art. 5, § 15) whose duties include prosecuting "all actions and proceedings in favor of or for the use of the State," and defending "all actions and proceedings against any State officer, in his official capacity," in any

court. 15 ILCS 205/4 (West 2022). The Attorney General has authority "to control all litigation on behalf of the State including intervention in and management of all such proceedings." *People v. Massarella*, 72 Ill. 2d 531, 534 (1978).

¶ 59    Here, Longo's complaint contains no factual allegations that would support an inference that Petrolis was doing anything other than performing within the scope of her employment as an AAG, acting as the legal representative of IDOT. Longo's allegations that she wrongly failed to pay him pursuant to the attorney fee award, do not reflect that Petrolis was acting outside of her authority as an AAG. Rather, Longo's allegations could show, at most, an erroneous exercise of her authority.

¶ 60    Additionally, "[w]hen the state employee allegedly breaches a duty that arises solely by virtue of his state employment, sovereign immunity will bar in circuit court an action that is founded on that breach." *Brandon v. Bonell,* 368 Ill. App. 3d 492, 505 (citing *Currie,* 148 Ill. 2d 151, 159 (1992)). In this case, any "duty" that Petrolis had to pay Longo the attorney fee award directly arises by virtue of her state employment and her representation of IDOT in the underlying federal lawsuit. See *Joseph Construction Co. v. Board of Trustees of Governors State University*, 2012 IL App (3d) 110379, ¶ 52 (the State employee defendant's " 'duty' to disburse funds" to the plaintiff "clearly arises 'solely by virtue' of her state employment."). And Petrolis's actions in representing IDOT as its attorney, and her alleged communications with other parties and motions before the court are litigation decisions that are within the normal and official functions of an attorney representing a state agency. *See Green*, 2023 IL App (1st) 220245, ¶ 41 (traffic stop was "within the Troopers' normal and official functions, and those functions are *** uniquely governmental").

¶ 61    Longo also asserts that the trial court erred in finding that public official immunity barred the claims against Petrolis. Longo contends that public official immunity is inapplicable to Petrolis because she acted "illegally, abusively, [and] revengefully," and that Petrolis "had no discretion to act unconstitutionally and *** disobey[ ] [court] orders." Having found above that the trial court correctly dismissed the claims against Petrolis based on sovereign immunity, we need not analyze this alternative basis supporting dismissal.

¶ 62    Finally, Longo contends that the court erred by denying his motion to amend the complaint. Longo contends that the circuit court stated in its order that Longo had not pleaded sufficient facts to support his complaint, "implying that further facts could state a cause of action." Longo complains that he was not allowed to file his proffered amended complaint, which Longo contends included additional facts showing the State had "consented to be sued," and accordingly, that sovereign immunity should not bar Longo "from enforcing [or] collecting on judgments in cases in which the legislature had waived immunity."

¶ 63    As stated above, the denial of a motion to amend is reviewed for abuse of discretion. *Kay*, 2021 IL App (1st) 192271, ¶ 26. In general, requests to amend should be liberally granted, and when deciding whether to grant leave, courts should consider "(1) whether the proposed amendment will cure the defective pleading; (2) whether the proposed amendment would surprise or prejudice the opposing party; (3) whether the proposed amendment was timely filed; and (4) whether the moving party had previous opportunities to amend." *Id.*

¶ 64    Based on our review of the record, the above factors weigh in favor of the trial court's decision to deny an amendment. Longo does not explain how any of his proposed new factual allegations or legal theories would cure the defects in his complaint. Longo could have requested leave to amend prior to final judgment, including after IDOT filed its motion to dismiss, but he did

24

not. Instead, he moved to amend only after the circuit court entered its final judgment. Under these circumstances, denial of leave to amend was not arbitrary or fanciful, and the circuit court did not abuse its discretion.

¶ 65    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 66    Affirmed.